[No. 14446.   Department One. — December 16, 1892.]

ALBERT WASHBURN, RESPONDENT, *v.* ELIZABETH KAHLER, APPELLANT.

MECHANICS' LIENS — PAYMENTS TO CONTRACTOR — RECITALS IN RECEIPTS TO MATERIAL-MAN — PLEA OF ESTOPPEL — FINDINGS. — Where the answer in an action to foreclose a mechanic's lien for materials furnished in the alteration of a building pleaded by way of estoppel that the defendant, relying upon the recitals in receipted bills of the plaintiff, made the last payment to the contractor, where it appears that the plaintiffs furnished the receipted bills for the purpose of assisting the contractor in securing his certificate from the architect that the last payment was due, though in fact the money had not been paid to plaintiff, it is not error to fail to find upon the plea of estoppel, where it further appears that a large part of the contract price was payable under other certificates not depending upon the false recitals, and where the court has found that defendant in fact paid no money upon the certificate of the architect.

ID. — TIME OF COMPLETION OF BUILDING — CERTIFICATE OF ARCHITECT — FINDING AGAINST EVIDENCE. — Where a contract for the alteration of a

building provided for a payment to the contractor when all the work was complete and accepted by the architect, " provided that at the making of any payment the said contractor shall produce receipted bills for all materials and labor furnished by him to the architect before any certificate is given for the said payment," a certificate of the architect, issued in compliance therewith, that the building "is now finished as per contract," and that the contractor " is now entitled to the last and final payment," is not evidence of the time of the completion of the building; and where it appears from the testimony of the contractor that the building was in fact completed some ten days before the date of the certificate, a finding that the building was completed upon the date of the certificate will be set aside, as not supported by the evidence.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William H. Jordan*, for Appellant.

The trial court must find upon all material issues presented by the pleadings. (*Campbell* v. *Buckman*, 49 Cal. 367; *Watson* v. *Cornell*, 52 Cal. 91; *Byrnes* v. *Claffey*, 54 Cal. 155; *Clark* v. *Superior Court*, 55 Cal. 199; *Lang* v. *Specht*, 62 Cal. 150; *Dunn* v. *Dunn*, 62 Cal. 178; *Gould* v. *Stafford*, 77 Cal. 66; *Christy* v. *Water Works*, 84 Cal. 541.) The estoppel in question, being affirmative matter, and in this case pleaded as a separate defense, was a material issue which should have been found upon by the trial court. (*Cassidy* v. *Cassidy*, 63 Cal. 352; *People* v. *Forbes*, 51 Cal. 628; *Christy* v. *Water Works*, 84 Cal. 541; *Gould* v. *Stafford*, 77 Cal. 66; *Phipps* v. *Harlan*, 53 Cal. 87.)

*E. H. Wakeman*, for Respondent.

The lien was filed in time. As to the date of completion, the architect's certificate is conclusive. (*Willamette S. M. L. Co.* v. *Los Angeles*, 44 Cal. 229; *Dingley* v. *Green*, 54 Cal. 333.)

GAROUTTE, J. — This is an action for the foreclosure of a mechanic's lien for materials furnished in the alteration of a building.

It is insisted that the court committed error in not finding upon the matters set out in the answer in the nature of an estoppel. It appears that the payments were to be made to the contractor by the owner upon the certificate of the architect, and that the contractor obtained his last certificate from the architect, certifying that the final payment provided for under the terms of the contract was then due by presenting the receipted bills of plaintiff for the materials, upon which the present lien is based. Plaintiff furnished these receipted bills to the contractor (although in fact the money had not been paid) for the purpose of assisting him in securing his certificate from the architect. The answer, for an estoppel, alleges that defendant relied upon the truthfulness of the recitals contained in said receipted bills, and so relying, paid to said Wells, the contractor, "a large part, if not all, of the money due to him" under said contract. Inasmuch as a large part of the contract price was due and payable under other certificates of the architect, the issuance of which in no manner depended upon or were affected by these falsely receipted bills, the allegations of estoppel would hardly seem of sufficient importance to demand findings of fact. But aside from such consideration, the court found that defendant paid no money upon this certificate of the architect, and such finding is fatal to the estoppel, conceding it to be well pleaded, for appellant suffered no damage by reason of respondent's conduct in this regard. We are unable to perceive any substantial variance between the pleading, the liens, and the proof.

Appellant contends that the liens were filed too late. For the purpose of establishing the date of completion, respondent offered in evidence the following certificate of the architect:—

"SAN FRANCISCO, Jan. 23, 1889.

"MR. H. KAHLER.

"*Dear Sir*,— Your building, No. 11 Guerrero Street, is now finished as per contract dated September 6, 1888,

by Ivory Wells, contractor, who is now entitled to the last and final payment, viz., $325.

"You will therefore please pay same to him, and this shall be your receipt therefor.

"Provided, however, that all bills and receipts are satisfactory to you.

  (Signed)       "R. H. DALEY."

This certificate was issued in compliance with a provision of the contract that provided for a payment to the contractor, to wit, "when all the work is complete and accepted by the architect, $325. 'Provided, that at the making of any payment the said contractor shall produce receipted bills for all materials and labor furnished by him (the said contractor) to the architect before any certificate is given for the said payment." It is thus apparent that the date of the certificate of the architect is no evidence of the time of the completion of the building. Such was neither its object nor purpose. The certificate was provided for in the contract for the purpose of indicating when the final installment was payable to the contractor. The time for the payment of this installment was dependent upon the issuance of the certificate, and the issuance of the certificate was dependent not alone upon the completion of the building, but also upon the condition precedent that receipted bills should be presented to the architect. The receipted bills may have been presented upon the day of completion, but their presentation may have followed weeks subsequent to that event, and from the face of the certificate it is impossible to determine the date of completion. The contractor, who was offered as a witness for the respondent, testified, upon cross-examination, that the building was completed January 13th. This evidence, taken in connection with the architect's certificate, comprises all that was presented upon this matter, and upon such a state of facts the finding that the building was completed upon the twenty-third day of January must be set aside as without support in the evidence.

It follows that the judgment and order should be reversed, and the cause remanded for a new trial. It is so ordered.

Harrison, J., and Paterson, J., concurred.