[No. 20950. Department Two. — February 18, 1893.]

## THE PEOPLE, RESPONDENT, *v.* WALTER JAMES, APPELLANT.

CRIMINAL LAW — PLEA OF ONCE IN JEOPARDY — DISCHARGE OF JURY FOR FAILURE TO AGREE — DUTY OF JURY TO ACQUIT. — In a criminal prosecution, the failure of the jury to agree, and their consequent discharge, avoids the plea of once in jeopardy; and the case is not taken out of the rule by the fact that the court instructed the jury to return a verdict of not guilty, nor by the fact that they ought to have returned such verdict, by reason of the state of the evidence, but failed to agree upon a verdict, through erroneous notions of some of the jurors.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. S. Clack, Rowell Irwin*, and *R. F. Rotto*, for Appellant.

*Attorney-General W. H. H. Hart*, and *M. E. Power*, for Respondent.

McFARLAND, J. — The appellant was convicted of an assault with intent to commit rape, and he appeals from the judgment, and from an order denying a new trial. There had been a former trial of the case, at which the jury had been discharged by the court for a failure to agree, and at the second trial the appellant pleaded once in jeopardy. On the issue of jeopardy the jury found in favor of the people; and the main contention of appellant is, that the verdict ought to have been in his favor on that issue.

At the first trial, the record shows, after the statement of the jury that they could not agree, as follows: "Whereupon the court, after an examination of the jury separately, and it appearing that it was impossible for the jury to agree, ordered that they be discharged from further consideration of this case." Section 1140 of the Penal Code provides that such an order may be made, if, "at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree"; and this clause has been held to be not violative of the provision of the constitution as to jeopardy. (*Ex parte McLaughlin,* 41 Cal. 211; 10 Am. Rep. 272; *People* v. *Cage,* 48 Cal. 323; 17 Am. Rep. 436; *People* v. *Soto,* 65 Cal. 621.) But appellant contends that this rule does not apply to the case at bar, on account of certain things which transpired at the time the jury was discharged.

The appellant was charged in the indictment with having committed the alleged crime upon the person of a girl under fourteen years old, — that being the legal age of consent under our statute. After the jury had been regularly impaneled at the first trial, the district attorney put the father and mother of the girl, and also the girl herself, upon the witness-stand, and, evidently to the surprise of the prosecution, they all testified that the girl was fourteen years old several months before the date of the alleged crime. The district attorney then stated to the court that as the case of the prosecution depended upon proof of the fact that the girl was under fourteen, it was useless to introduce further evidence, and no further evidence was introduced. The court then instructed the jury to return a verdict of not guilty, but also, pursuant to the provision of section 1118 of the Penal Code, that they were not bound by his advice. The jury then retired, and, after some time, the exact period not being shown, they were brought into court, and asked if they had agreed upon a verdict. The foreman said that they disagreed; and some conversation then took place between the court and the foreman of

the jury, upon which the appellant mainly rests, on the point of once in jeopardy. The substance of said conversation was, in brief, this: The foreman said that they did not want to render a verdict in the case, and would ask the court to discharge them; that if they were discharged without a verdict, it would leave the case for the district attorney and the court to handle; that they did not want to be placed in the position of acting as a scapegoat, etc. Counsel for the appellant insisted that the court should instruct the jury, absolutely, to acquit the appellant. But the court said it had no power to compel the jury to render a verdict, and sent them back to their room, with the instruction that no evidence had been introduced tending to prove the guilt of the appellant, and advising and instructing them that it was their duty to acquit him. In the course of a couple of hours more, the jury were again brought into court, and were again asked if they had agreed upon a verdict. The foreman answered: "We have not, and we cannot, and ask the judge to discharge us." Counsel for appellant then moved the court to discharge the defendant, and dismiss the action, on the ground that he had been tried, and there was an absence of any evidence against him; and the motion was denied. The court then polled the jury, and asked each one of them individually if there was any probability of their arriving at a verdict, and they all answered, No. One of the jurors, Mr. Bacon, first answered, "Yes, sir; I could arrive at a verdict in a minute"; but when the court said, "What I mean by that, can you get the jury to agree with you?" he answered, "No, sir; I think it is impossible"; saying further, "Nine of us one way, and three the other." Whereupon the court made the order discharging the jury, as hereinabove stated.

No doubt, it would have been the duty of the jury to have acquitted the appellant, under these circumstances, at the first trial; and if they had returned a verdict of guilty, the court would, no doubt, have granted a new trial. But we do not see that appellant is in a position

different, in point of law, from that of any other defend-
ant, whom the jury *should* have acquitted, but failed,
through erroneous notions of some of the jurors, to
agree upon a verdict, and, after a reasonable time, were
discharged.   We do not see that the conversation be-
tween the foreman and the court puts any different
phase on the matter, or makes any stronger case for
appellant on his plea of jeopardy, than if the jury had
merely said that they were not able to agree, without
assigning any reason.

Therefore, the present case cannot be taken out of the
rule that the failure of the jury to agree, and their con-
sequent discharge, avoids the plea of once in jeopardy.

With respect to the motion for a continuance, without
considering the evidence in detail upon the subject, we
do not think that the court committed any error in
denying it.   There are no other points necessary to be
specially noted.

The judgment and order appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.