[Crim. No. 644. In Bank.—July 21, 1900.]

THE PEOPLE, Respondent, v. J. W. ARNETT, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—VOID VERDICT—DISCHARGE OF JURY WITHOUT CONSENT—JEOPARDY—ACQUITTAL.—Under an information charging a defendant with an assault with intent to commit murder, a void verdict for an assault with a deadly weapon, an offense not included in the charge, constitutes no legal reason for a discharge of the jury without the consent of the defendant; and in case of such discharge appearing to have been made without his consent, entered upon the minutes of the court, the defendant upon a second trial is entitled to an acquittal upon a plea of once in jeopardy and a former acquittal.

APPEAL from a judgment of the Superior Court of Lassen County.  F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

E. V. Spencer, and H. D. Burroughs, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant was tried upon an information charging assault with intent to commit murder.  He was convicted of the crime of assault with a deadly weapon.  Upon appeal to this court it was held that the verdict was a nullity, as the offense of which the defendant was convicted was not an offense included within the information upon which he was tried.  (*People v. Arnett*, 126 Cal. 680.)  Upon the second trial the defendant was convicted of the offense charged in the information; but the court instructed the jury to find against him upon his plea of once in jeopardy and a former acquittal.  He now claims this was error upon the part of the court, and that the proceedings of the first trial resulted in placing him in jeopardy, which should have demanded his discharge at the second trial.

It was held upon the previous appeal that the verdict rendered at the first trial was a nullity.  Indeed, by that decision, the case after verdict stood exactly the same as though the verdict had been one declaring the defendant guilty of the crime of robbery.  The case in principle is similar to that of *People v. Curtis*, 76 Cal. 57.  The defendant has been in jeopardy by reason of the first trial and the void verdict rendered therein, and is now entitled to his discharge, unless at the first trial he consented to the discharge of the jury without a verdict, and thus waived the jeopardy which had attached to him.  It is said in the Curtis case: "The verdict constituted no legal reason for the discharge of the jury, and, in our judgment, if they were discharged without consent of the defendant (except in the cases specially provided for) it operated as an acquittal of the defendant. . . . . Under our statute, in a case like this, the consent must appear on the minutes of the court."

In this case the jury were not discharged upon any of the statutory grounds, and we find no consent in the minutes upon the part of the defendant that the jury might be discharged. In the Curtis case the minutes of the trial court were not before this court, but in this case the minutes are before the court, and, under these circumstances, nothing is to be presumed, for the minutes speak for themselves. This is the vital difference between the two cases.

The defendant not having consented to the discharge of the jury at the previous trial, and the verdict rendered being a nullity, jeopardy attached to him, and he was entitled to plead it upon his second trial. Upon the facts and the law the plea was a good one, and should have been sustained.

The judgment is reversed and the cause is remanded with directions to the trial court to discharge the defendant.

Van Dyke, J., Harrison, J., McFarland, J., and Temple, J., concurred.