[Crim. No. 824. Department Two.—April 4, 1902.]

THE PEOPLE, Respondent, v. FRED SMITH, Appellant.

CRIMINAL LAW—BURGLARY — INFORMATION — DEGREES — PROVINCE OF JURY.—It is not necessary under our system to charge the time of the commission of a burglary; and an information charging burglary, with the proper specifications of venue and entry, involves two degrees, which it is the province of the jury to fix, according as the evidence shows that it was in the night-time or in the daytime.

ID.—CHARGE OF FIRST DEGREE—VOID VERDICT FOR SECOND DEGREE—DISCHARGE OF DEFENDANT.—Where the information charged burglary in the first degree, as having been committed in the night-time, a verdict of guilty of burglary in the second degree, necessarily implying that it was committed in the daytime, is void, and the judgment based thereon cannot stand; and the defendant must be discharged from prosecution for the crime alleged in the information.

APPEAL from a judgment of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the information.

W. A. Anderson, and H. L. Huston, for Appellant.

[1] 58 Am. Dec. 408.

Tirey L. Ford, Attorney-General, E. R. Bush, District Attorney, and George K. Ford, for Respondent.

HENSHAW, J.—The defendant was charged in the information with having committed a burglary *in the nighttime*. The jury returned a verdict finding the defendant guilty of burglary in the second degree, which necessarily implies an entry *in the daytime*. Judgment upon the defendant was pronounced in accordance with this verdict, and he appeals.

The defendant was convicted of a crime not embraced within the information. The verdict, therefore, is a nullity, the judgment upon which it is based cannot stand, and defendant must be discharged from prosecution for the crime alleged in the information. (*People* v. *Arnett*, 129 Cal. 306.)

It is unnecessary under our system to charge the time of the commission of the burglary. It is enough to charge, with proper specifications of venue and entry, that the defendant committed burglary, and it then may be left to the jury under the evidence to fix the time of day of the commission of the offense. The charge of burglary necessarily contains within it the two degrees—burglary committed in the nighttime and burglary committed in the daytime. This is not only the obviously proper mode in which to plead the crime, but it has been so declared in *People* v. *Barnhart*, 59 Cal. 381, and it is therefore a matter of some surprise that a pleader should, *ex industria*, depart from this simple form. But when, as in this case, he sees fit to do so, and charges specifically either a burglary in the night-time or a burglary in the daytime, he must prove the particular offense charged, or the prosecution must fail. For no reason can be shown to make it appear that a charge of burglary in the night-time will support a conviction of burglary in the daytime, any more than will a charge of burglary in the daytime support a conviction of burglary committed in the night-time. Neither one of these specific offenses, made specific by the hour of its commission, can be said to be contained in the other. The reasoning applicable to convictions under indictments in murder cases is not at all in point. The presence or absence of malice, deliberation, and premeditation there fixes the degree of the crime, while here the degree is fixed by the hour of its commission. The gravity of the punishment is no element in determining whether the

essentials of one crime are embraced within another charge. It would be competent, for instance, for the legislature to punish burglary committed in the daytime more severely than burglary committed in the night-time, when, according to respondent's contention, the argument could be made that a charge of burglary committed in the daytime would support a conviction for a burglary committed in the night-time.

The pleader having elected to charge the specific offense of burglary in the night-time, must fail if his proofs are inadequate to establish that offense, and this arises first as a principle of pleading. As is said in *People* v. *Jefferson,* 52 Cal. 452: "It would be illogical, and not in accord with the elementary principles of pleading, to declare that if the indictment charged an entry in the night-time only, the jury or court could find the defendant guilty of an entry in the daytime." But more important than the pleading is the effect of the pleading upon the rights of the defendant, who, upon his trial, is put to his proof only to meet the charge preferred against him. Under such an information he is called upon to combat the charge that he feloniously and burglariously entered a certain house in the night-time. He might be able to do this with the utmost success by proving an alibi, and yet would be open to conviction for the commission of a daylight burglary, a charge which he had never been forewarned or advised that he would be called upon to meet. In other states, under similar statutes, the decisions of the courts are uniform. In *Guynes* v. *State,* 25 Tex. App. 584, the indictment charged a burglary in the night-time, and the judge instructed that they might convict if the evidence showed the commission of a burglary either in the daytime or night-time. The judgment was reversed, the court declaring it to be error to give such instruction, "as under the indictment the conviction could only be had for a burglary committed in the night-time." To like effect are *State* v. *Behee,* 17 Kan. 402; *Williams* v. *State,* 46 Ga. 212; *State* v. *Alexander,* 56 Mo. 131; *Carr* v. *State,* 19 Tex. App. 635;[1] *Bravo* v. *State,* 20 Tex. App. 188; *Commonwealth* v. *McLaughlin,* 11 Cush. 598.

The judgment appealed from is reversed.

McFarland, J., and Temple, J., concurred.

---

[1] 53 Am. Rep. 395.