[S. F. No. 3542.   In Bank.—April 1, 1903.]

## J. F. GIBSON, Petitioner, v. SUPERIOR COURT OF TULARE COUNTY, Respondent.

ELECTION CONTEST—PROHIBITION.—A writ of prohibition will not lie to prevent the superior court from determining an election contest, whether the court has or has not lost jurisdiction of the cause. If it has not lost jurisdiction, prohibition will not lie, and if it has lost jurisdiction, the petitioner cannot be harassed by any judgment rendered therein, and prohibition will not issue where there can be no injury to be remedied.

APPLICATION for writ of prohibition to the Superior Court of Tulare County. William M. Conley, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and H. B. McClure, for Petitioner.

BEATTY, C. J.—This is an original proceeding to prohibit the superior court from trying an election contest, upon the ground that it has lost jurisdiction of the cause by continuing the hearing beyond the time allowed by law.

The facts upon which the petition rests are as follows: The petitioner and one Crowley were opposing candidates at the recent state election for the office of assessor of Tulare County. The supervisors in canvassing the vote of the county threw out the returns from one voting precinct, with the result of electing Crowley, who would otherwise have been defeated by petitioner. Subsequently, on December 3, 1902, petitioner commenced a proceeding to compel the board of supervisors, by *mandamus,* to canvass and count the returns from the rejected precinct, and said proceeding is still pending. Thereafter, on December 6, 1902, one Dugan, without the consent and against the will of the petitioner, commenced a proceeding to contest the election of Crowley, as under the statute any elector may. (Code Civ. Proc., sec. 1111.) Upon the filing of this contest a day was appointed for the hearing, a citation issued, and the contestee appeared. But by consent of the parties the hearing was continued indefinitely without any formal order of court. Afterwards, by consent of the parties, the matter was set down for hearing on March 17th, at which date the petitioner was permitted to intervene in the contest. At once, upon the making of this order, he moved to dismiss the proceeding, upon the ground above stated, and that motion having been overruled, he applies here for a writ of prohibition.

We do not find it necessary to decide the question whether the superior court has lost jurisdiction of the election contest, because, conceding that point, we are of the opinion that no case is presented calling for the issuance of a writ of prohibition.

If the superior court is without jurisdiction, its judgment can do the petitioner no possible harm. He has a complete remedy in his own hands by simply withdrawing his intervention and letting the proceeding alone. It is not directed

against him, and there can be no judgment against him even for costs.

If, on the other hand, the court has not lost jurisdiction, we cannot prohibit it from proceeding with the hearing. This, it seems to us, is conclusive of the case. The superior court either has or has not jurisdiction. If it has, we cannot prohibit. If it has not, the petitioner cannot be harmed by its proceeding; and, since the writ will not issue, where there is a plain, speedy, and adequate remedy at law for an apprehended injury, it clearly will not issue where there can be no injury to be remedied.

Petition denied.

Lorigan, J., Angellotti, J., Van Dyke, J., and Shaw, J., concurred.