[Crim. No. 101.  First Appellate District.—November 11, 1907.]

## THE PEOPLE, Respondent, v. HO SING, Appellant.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION—ROBBERY—GRAND LARCENY.—An information for robbery, which merely charges that the defendant did, from the immediate presence of the person whose property was taken, by means of fear and against the will of the said person, take, steal and carry away certain property of the value of $1,026, of the personal property of said person, without charging that the property was taken from his person or was in his possession, is insufficient to charge the crime of robbery, but sufficiently charges the crime of grand larceny.

ID.—IMPROPER CONVICTION FOR ROBBERY—REVERSAL—ONCE IN JEOPARDY —DISCHARGE OF DEFENDANT.—A conviction of robbery under such information is excessive, and must be reversed; but since the defendant has been once in jeopardy under the information, and a new trial would be a useless proceeding, the defendant must be discharged from custody.

APPEAL from a judgment of the Superior Court of Contra Costa County.  William S. Wells, Judge.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was informed against, tried and convicted of the crime of robbery, and was sentenced to imprisonment in the state prison for the term of twenty years.

The charging part of the information is as follows: "The said Ho Sing . . . did then and there . . . from the immediate presence of one Chung Kee . . . by means of fear and against the will of the said Chung Kee, take, steal and carry away" certain property of the value of $1,026, "of the personal property of said Chung Kee." To this information a demurrer, general and special, was interposed, which was overruled. The argument by appellant on the demurrer is chiefly addressed to the point that the information does not state facts sufficient to charge the crime of robbery. We think the argument is sound. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear." (Pen. Code, sec. 211.) It will be observed that the information fails to set forth one of the essential elements of the crime of robbery as defined in this section, in that it does not aver that the property was taken from the possession of Chung Kee. Had it been alleged in the information that the property was taken from his person, an allegation of possession, while expedient, would not be imperative, for, in that case, it would be apparent that the property was in his possession at the time it was taken. It does not necessarily follow, however, that because the property when taken was in the immediate presence of Chung Kee that it was in his possession. For example, it might have been in possession of lessee or pledgee. In the case of *People* v. *Walbridge*, 123 Cal. 274, [55 Pac. 902], the supreme court, speaking of an information for robbery, said: "The information alleges that the money was taken 'from the person and immediate presence of Victor Finster.' If it was taken from the person of Victor Finster, it must be assumed that it was in his possession at the time it was taken. It was so held in *People* v. *Shuler*, 28 Cal. 490. If the information had only alleged that the money was taken from the immediate presence of Victor Finster, then an additional allegation would have been necessary to the effect that it was at that time in the possession of Finster; but the allegation that it was taken from his person renders the allegation as to possession in him not absolutely necessary. It may be conceded that it would have been better pleading to have directly alleged the possession of the money to have been in Finster, but, under the circum-

6 Cal. App.—48

stances here disclosed, we deem the information sufficient in the absence of such allegation.''

While the information in the case at bar does not aver facts necessary to charge the crime of robbery, it does allege facts sufficient to charge the crime of larceny. ''Larceny is the felonious stealing, taking, carrying away . . . the property of another.'' (Pen. Code, sec. 484.) Upon comparing the information with this section it at once appears that the information has every element necessary to charge the crime of larceny.

The respondent objects to the consideration by this court of the ruling on the demurrer by the trial court, because to that ruling there is no exception presented by a bill of exceptions. Disregarding this technical point, and passing on the merits of the demurrer, it is our opinion that the information in substance and form is good as charging larceny, and that the trial court committed no error in overruling the demurrer thereto.

On this information the defendant could have been tried and convicted of larceny, but he was tried on the theory that the information properly charged robbery. The court instructed the jury exclusively on that theory, the jury found him guilty of robbery, and he was sentenced for that crime. The result is that the defendant was charged with the crime of larceny, and was convicted of the higher crime of robbery. It follows that the judgment must be reversed. It is so ordered. And it appearing that the defendant has been once in jeopardy (*People* v. *Arnett,* 129 Cal. 306), and that a new trial would be a useless proceeding, it is further ordered that the defendant be discharged from custody.

Hall, J., and Cooper, P. J., concurred.