[Crim. No. 1479. In Bank.—May 27, 1909.]

## THE PEOPLE, Respondent, v. HAM TONG, Appellant.

CRIMINAL LAW—ROBBERY—GRAND LARCENY—SUFFICIENCY OF INFORMATION.—An information for the crime of robbery, which does not aver that the money was taken from the possession of the person robbed, is insufficient as to that crime, but if the amount taken is sufficient, the information sufficiently avers the offense of grand larceny.

ID.—ERRONEOUS CONVICTION FOR ROBBERY—APPEAL—IMPROPER DISCHARGE FROM CUSTODY—ONCE IN JEOPARDY.—Where the defendant was tried by a jury under such an information, after a demurrer thereto had been overruled, on the erroneous theory that it sufficiently charged the crime of robbery, and judgment was entered upon a verdict of conviction of that offense, it was improper procedure for the appellate court, upon reversal, to order the defendant discharged from custody as having been once in jeopardy under a complaint charging grand larceny.

ID.—CASES PARTLY OVERRULED.—*Held,* that the cases of *People* v. *Arnett,* 129 Cal. 306; *People* v. *Smith,* 136 Cal. 207; *People* v. *Tilley,* 135 Cal. 61; and *People* v. *Curtis,* 76 Cal. 57, in so far as they hold that a defendant has been once in jeopardy in every case wherein a verdict of guilty of a crime not strictly embraced within the pleadings has been returned and the jury has been discharged without consent, should be overruled.

ID.—JUDGMENT APPEALED FROM NOT VOID—ERROR IN EXERCISE OF JURISDICTION.—The trial court had the right to hear and determine the question whether the information sufficiently charged the crime of robbery, and the fact that it erred in its decision does not render its judgment void.

ID.—PLEA OF ONCE IN JEOPARDY NOT AVAILABLE.—A defendant tried and convicted of the crime of robbery under such an information was never in jeopardy or danger of conviction under the charge of grand larceny, and upon the reversal of his appeal from the judgment of conviction of robbery, and from the order denying him a new trial, he may be tried under the charge of grand larceny.

ID.—WAIVER OF OBJECTION BY SEEKING NEW TRIAL.—When the defendant by his own motion is seeking a new trial for error, he is presumed to waive any objection to being tried anew; and in the case here considered, the form of error committed no more entitles him to be discharged than would any other form of misdirection to the jury upon a question of law, for which he demands a new trial.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. William S. Wells, Judge.

The facts are stated in the opinion of the court.

Peter J. Crosby, and Nathan C. Coghlan, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, for Respondent.

MELVIN, J.—This case was identical with that of the *People of the State of California* v. *Ho Sing* and followed the same course in the district court of appeal. (6 Cal. App. 752, [93 Pac. 204].) That court held that the information did not properly charge the crime of robbery, but that there was a full and adequate allegation of the crime of grand larceny. In the information there was no statement that the property was taken from the *possession* of Chung Kee, and the district court of appeal, following the authority of *People* v. *Walbridge,* 123 Cal. 274, [55 Pac. 902], determined that there was not a sufficient pleading of the crime of robbery. The attorney-general concedes the correctness of this ruling and also of the one whereby it is found that there is an averment of grand larceny. The only question presented for our determination is whether or not the court of appeal properly ordered the discharge of the defendant from custody upon the authority of *People* v. *Arnett,* 129 Cal. 306, [61 Pac. 930].) In that case the defendant had been charged with the crime of assault with intent to commit murder and had been convicted of assault with a deadly weapon. The verdict was held to be a nullity (*People* v. *Arnett,* 126 Cal. 680, [59 Pac. 204]), and on a second appeal (*People* v. *Arnett,* 129 Cal. 306, [61 Pac. 930]), it was determined that the defendant had been once in jeopardy, and that he was entitled to his discharge, as it appeared from the minutes of the trial court, which were before the supreme court, that he had not consented to the discharge of the jury without verdict. If it be the doctrine of the case of *People* v. *Arnett,* 129 Cal. 306, [61 Pac. 930] ; *People* v. *Smith,* 136 Cal. 207, [68 Pac. 702] ; *People* v. *Tilley,* 135 Cal. 61, [67 Pac. 42] ; and *People* v. *Curtis,* 76 Cal. 57, that the defendant has been once in jeopardy in every case wherein a verdict of guilty of a crime not strictly embraced within the pleadings has been returned and the jury has been discharged without consent, then those cases

should be overruled.   Section 1140 of the Penal Code, which is
the basis of the decision in the cases just cited, is as follows:
"Except as provided in the last section, the jury cannot be
discharged after the cause is submitted to them until they
have agreed upon their verdict and rendered it in open court,
unless by consent of both parties, entered upon the minutes,
or unless, at the expiration of such time as the court may
deem proper, it satisfactorily appears that there is no reason-
able probability that the jury can agree."   In the case before
us the learned district attorney attempted to set forth a charge
of robbery in the information.   The defendant was tried and
the jury instructed upon the theory that the crime of robbery
was fully alleged and supported by testimony sufficient, if
believed, to establish the fact of the commission by defendant
of the crime.   There was a demurrer to the information which
the court overruled.   The court had the right to hear and
determine this question.   (Pen. Code, secs. 1002 et seq.)   It
is a general rule that where a court has power to hear and
determine a question, the fact that it erred in such decision
does not render its judgment void.   (*Sherer* v. *Superior Court,*
96 Cal. 654, [31 Pac. 565] ; *Buckley* v. *Superior Court,* 96 Cal.
119, [31 Pac. 8] ; *Washburn* v. *Kahler,* 97 Cal. 58, [31 Pac.
741] ; *Disque* v. *Herrington,* 139 Cal. 4, [72 Pac. 336] ; *Frank-
lin Union No. 4* v. *People,* 220 Ill. 355, [110 Am. St. Rep. 248,
77 N. E. 176, 4 L. R. A. (N. S.) 1009].)   We see no reason
why this rule should not be applied in criminal as well as
in civil cases.

It has been well settled by decisions in this state that the dis-
charge of the jury for failure to agree does not enable a de-
fendant to avail himself effectively of the plea of once in
jeopardy.   (*People* v. *Greene,* 100 Cal. 140, [34 Pac. 630] ;
*People* v. *James,* 97 Cal. 400, [32 Pac. 317].)   It is true that
section 1140 of the Penal Code gives the judge a right to
discharge a jury without verdict when there is no probability
that an agreement can be reached, but there is authority for
the same rule in many American jurisdictions where no such
statute exists.   (*People* v. *Green,* 13 Wend. (N. Y.) 55;
*United States* v. *Perez,* 9 Wheat. 580.)   In *People* v. *James,*
97 Cal. 400, [32 Pac. 317], although the jury refused to agree
upon a verdict under a condition of the record entitling the
defendant to an acquittal, and although such refusal was in

the face of an instruction to acquit, this court held that a plea of former jeopardy could not be effectively set up upon the discharge of the jury. In the opinion in that case Mr. Justice McFarland wrote: "No doubt it would have been the duty of the jury to have acquitted the appellant, under these circumstances, at the first trial; and if they had returned a verdict of guilty, the court would, no doubt, have granted a new trial. But we do not see that appellant is in a position different, in point of law, from that of any other defendant, whom the jury *should* have acquitted, but failed, through erroneous notions of some of the jurors, to agree upon a verdict, and, after a reasonable time, were discharged." Can it not be said with greater force in this case, that failure of the jury to return a verdict upon the charge of grand larceny was mere error, entitling the defendant only to a new trial? The jurors were acting under the law as given them by the court. It is true that the court was in error upon the question of the sufficiency of the information to charge robbery—error which seems to have been shared by the district attorney who drafted the information, and by defendant's attorneys who specified in their demurrer not that the crime stated was grand larceny instead of robbery, but that both robbery and grand larceny had been alleged. The decision of the court that there was a valid, sufficient, properly drawn information averring robbery was the law of that case until the ruling was set aside or reversed, and the jury acting under that law rendered "their verdict" as that term in section 1140 of the Penal Code should be interpreted. If the information, though purporting to be one charging robbery, had contained no sufficient allegation of any crime at all, the case would be under the rule announced in *People* v. *Lee Look,* 137 Cal. 590, [70 Pac. 660], and *People* v. *Lee Look,* 143 Cal. 216, [76 Pac. 1028]. In those cases it was held that the original information was defective because it contained no statement that the person killed was a human being; but this court decided that the defendant had not been in jeopardy upon the first trial. The difference between the Lee Look cases and this one is that in this case there was a disregarded pleading in which the defendant was accused of grand larceny; but he was not called upon under the court's instructions to defend against that accusation. Under the circumstances he was never in danger

of conviction upon a charge of grand larceny. In other juris-
dictions it has been held that a plea of former jeopardy cannot
be sustained on proof that the conviction of the accused on
the previous trial was set aside because of a void or illegal
verdict. ( See 12 Cyc. 277 and cases there cited.) In *State*
v. *Redman,* 17 Iowa, 329, Mr. Justice Dillon, after reviewing
the decisions, wrote: "And we understand the settled doc-
trine to be, that where the verdict is *a nullity* (or so *defective*
that no judgment can be rendered upon it), the defendant
may again be put upon his trial, certainly where the verdict
was intended to be one of conviction, for in such case it is
rather a *mistrial* than a legal putting in jeopardy." In *Fitts*
v. *State,* 102 Tenn. 141, [50 S. W. 756], the jury found the
defendant guilty of murder in the second degree with a term
of imprisonment for fifteen years. Upon a former trial, misled
by the instructions of the judge, a verdict of guilty of murder
in the second degree was returned fixing the term of impris-
onment at twenty-one years—one year more than the maxi-
mum term allowed by the statute. It was held that a plea'
*autrefois convict* was properly stricken from the files. The
supreme court found that "the former verdict was unwar-
ranted, and, being a nullity, no valid judgment could be pro-
nounced upon it. It was therefore no bar to a second prose-
cution." There are few questions upon which courts have
differed more radically than they have disagreed upon those
arising from considerations of jeopardy. We find all shades
of opinion. There is the English rule that in felony cases the
prisoner must be recommended to a pardon—granted as of
course—whenever it appears that the judge at the trial com-
mitted error to his prejudice. It is now the generally accepted
American doctrine that "whenever a verdict, whether valid
in form or not, has been rendered on an indictment either good
or bad, and the defendant for any cause moves in arrest of
judgment, or applies to the court to vacate a judgment already
entered, . . . he will be presumed to waive any objection to
being put a second time in jeopardy; and so he may ordinarily
be tried anew." (1 Bishop's Criminal Law, 7th ed., sec. 998.)
Starting with the same rule, which is substantially Black-
stone's oft-quoted maxim, "No man is to be brought into
jeopardy of his life more than once for the same offense" the
courts of England and of the various American states have

reached diametrically opposite conclusions in answering the most important question: "Does the reversal for error at the defendant's own request of a verdict of conviction waive jeopardy?" The other problems arising in connection with this subject have received diverse solutions.

For example, it is held in some of the states, including California, that conviction of a lesser offense included within the charge of a greater is an acquittal of the major crime. *People* v. *Gilmore,* 4 Cal. 376, [60 Am. Dec. 620]; *People* v. *Apgar,* 35 Cal. 389; *People* v. *Gordon,* 99 Cal. 230, [33 Pac. 901]; *People* v. *Defoor,* 100 Cal. 157, [34 Pac. 642]; *State* v. *Martin,* 30 Wis. 216, [11 Am. Rep. 567]; *State* v. *Belden,* 33 Wis. 120, [14 Am. Rep. 748]; *State* v. *Smith,* 53 Mo. 140), while elsewhere there is, as Bishop says, "some authority either contrary to or qualifying this doctrine." (1 Bishop's Criminal Law, 8th ed., sec. 1004.) Some courts have decided that a verdict of guilty of a lower degree of crime is no bar upon a new trial to conviction of the higher offense charged in the indictment. (*State* v. *Behimer,* 20 Ohio St. 572; *Bailey* v. *State,* 26 Ga. 579.) In short, so hopelessly at war are the decisions on the subjects of jeopardy, *autrefois acquit* and *autrefois convict,* that we find little settled doctrine upon any phase of these matters. Perhaps the safest rule is that announced in *Stocks* v. *State,* 91 Ga. 831, [18 S. E. 847], that the question of the propriety of discharging a jury depends upon the facts of each particular case. In the case here considered, the entire theory of the court was based upon the supposition that there was a perfect charge of robbery. The court solemnly found and declared the pleading sufficient as an allegation of robbery, by overruling the demurrer; by the charge to the jury; and by denying defendant's motion for a new trial. Why should this form of error entitle a defendant to his discharge any more than should any other misdirection upon a question of law? The jury, acting according to the law as given them by the court, returned "their verdict," erroneous to be sure, but according to that declaration of the law which they were bound to accept as containing the principles to be followed by them in reaching "their verdict."

In view of the above conclusions we see no reason why the defendant should not be tried for the crime of grand larceny charged in the information.

The judgment and the order denying a new trial are reversed.

Angellotti, J., and Henshaw, J., concurred.

SLOSS, J., concurring.—I concur in the judgment. The defendant was in jeopardy as soon as he was placed on trial before a competent court and jury on an information charging grand larceny. If the jury had been discharged without reaching a verdict, and in the absence of one of the statutory grounds for discharging them (Pen. Code, secs. 1123, 1139, 1140), the defendant would have been in a position to interpose the plea of once in jeopardy as a bar to a subsequent trial. But the jury were not discharged without reaching a verdict. They found the defendant guilty of robbery. This verdict, when compared with the averments of the information, was irregular, but it cannot be regarded as an absolute nullity. The judgment entered upon it would, if not directly attacked, have constituted a valid adjudication binding upon the defendant. Its sufficiency could not have been questioned collaterally, as, for example, on *habeas corpus*. The defendant's successful effort to set aside that verdict and judgment by means of a motion for new trial and an appeal is a waiver of his constitutional right to object to being placed again in jeopardy. In effect, he consents to be tried anew.

Shaw, J., concurred with Sloss, J.

BEATTY, C. J., concurring.—I concur in the judgment. The verdict of the jury was not a nullity. Comparing it with the rest of the record, including the charge of the court, it is clear that it could not have been returned except as the result of a finding by the jury of every element of the crime of larceny. In other words, the jury did actually find the defendant guilty of larceny, but under the erroneous instruction of the court called it robbery. The verdict, however, is uncertain for the reason that whether construed by itself or in connection with other parts of the record it cannot be known whether the jury would have found it to be grand or petit larceny. This renders a new trial necessary.