PEOPLE, PLAINTIFF AND APPELLANT, *v.* BRAU, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in a Prosecution for Libel.

No. 1359.—Decided July 31, 1919.

LIBEL—INFORMATION—DEFECT OF FORM.—The necessary effect of a libel is to expose a person to public hatred, contempt or ridicule and the writer must intend the necessary consequences of his act. The omission from an information for libel of the words ''and thereby to expose him to public hatred, contempt or ridicule'' is a defect of form and does not render the information fatally defective.

ID.—JEOPARDY—VERDICT—JUDGMENT—ESTOPPEL—WAIVER.—All of the decisions which hold that there has been jeopardy where there has been no judgment of conviction depend principally on the fact that there has been a verdict against the defendant. In this case all the facts of the trial and the power to decide were in the hands of the judge himself, but before he even attempted to put any stigma upon the defendant the latter by reproducing his demurrer insisted that there was no public offense, and where there is no public offense charged there is generally no jeopardy; hence where the defendant himself asks for

the nullification of all the preceding acts, the same estoppel exists as when he appeals from the judgment. A defendant may waive the question of second jeopardy.

ID.—The publication partially imputing improper relations between the Commissioner of Education and some of his teachers, partially charging him with attempts to enforce such improper relations and partially intimating that his appointments were based on such improper relations, was libelous *per se.*

The facts are stated in the opinion.

*Messrs. Salvador Mestre* and *R. Rivera Zayas, Fiscales,* for the appellant.

*Messrs. J. de Jesús Tizol* and *B. Guerra* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Having some doubt as to whether the omission of the words "and thereby to expose him to public hatred, contempt or ridicule," or some equivalent, did not make an information for libel fatally defective, we ordered a rehearing of the appeal. Among other cases examined by us was *People* v. *Seeley,* 139 Cal. 118, which decided that where a matter published is libelous *per se* it is sufficient to set it forth without expressing the libelous results that it produced. The words omitted in that case were specific ones to impeach the honesty, integrity or reputation of the person libeled. Our statute, however, makes the words "and thereby to expose him to public hatred, etc." the conclusion which the pleader aims to establish common to every criminal libel. *State* v. *Grinstead,* 64 Pac. 52, cited by the *fiscal,* goes no further than *People* v. *Seeley, supra,* and in the *Grinstead Case,* moreover, the information described a tendency to expose to public hatred, etc. The information there was held insufficient, the publication not being libelous *per se.* Mature reflection, nevertheless, convinces us that the particular defect is one of form rather than of substance. In a case where the words used have the necessary effect of exposing a person to public hatred, contempt or ridicule, some analogy is presented by the formal conclusion to a criminal information or indictment, namely, "contrary to the form of the statute in such case made and provided and against the peace and dignity

of the United States." In *Frisbie* v. *United States,* 157 U. S. 168, it was held that the failure to include such words was a mere defect of form, being a simple conclusion of law. The court cited section 1025 of the revised statutes to the effect that matters of form which did not tend to the prejudice of the defendant should be disregarded. We have similar provisions in our own statutes requiring matters of form to be disregarded, especially when not properly raised. The decision in the *Frisbie Case* was followed in Colorado. In *Chemgas* v. *Tynan,* 116 Pac. 1045, the court said that such words were a conclusion of law, not entering into the charging part of the complaint. Now, while the rule is different in a number of states having constitutional or statutory re-requirements with respect to indictments or informations (*Hardin* v. *State,* 71 A. S. R. 269, and notes), we should be guided by the progressive attitude adopted by the Supreme Court of the United States, especially as section 83 of our Code of Criminal Procedure is substantially the same as section 1025 of the Revised Statutes, *supra.*

The word "thereby" in section 243 of the Penal Code shows a conclusion. Section 150 of the Code of Criminal Procedure says that a demurrer is an allegation admitting the facts stated in the information. The demurrer in this case momentarily admitted the truth of the alleged libel. The necessary effect of a libel, according to all the decisions, is to expose a man to public hatred, contempt or ridicule, and a man must intend the necessary consequences of his act. Our conclusion is that the defect was one of form and, if important, should have been reached by motion and not by demurrer.

The appellee Brau, at the second hearing of this case, did not rely much on his demurrer or exception to the information, but maintained that to reverse the order of dismissal appealed from would expose him to a second jeopardy. Without objection, a certificate was presented to show that there was a trial in the court below and that the

Government presented evidence therein. The original record confirms this certiffcate, but shows that on the day set for rendering judgment, before the order of dismissal was made, the defendant reproduced in writing his demurrer, founded on the third subdivision of section 153 of the Code of Criminal Procedure, namely, that the facts complained of did not constitute a public offense, and the court ordered that the case be filed away—equivalent to a dismissal. Now, whether this motion of the defendant carried the case back to the initial demurrer stage or whether it was equivalent to a motion in arrest of judgment, the action of the defendant in either case was his own spontaneous act. His situation, therefore, is very similar to what it would be if judgment had been rendered against him and he had appealed. We recently reviewed the authorities where a defendant appeals. *People* v. *Portela, ante,* p. 243. In *People* v. *Eppinger,* 109 Cal. 294, the defendant had been convicted, but when arraigned for sentence, as here, moved in arrest of judgment. His motion prevailed and on a second trial he contended that the arrest of judgment was an acquittal under section 1188 of the Penal Code of the State of California, equivalent to section 308 of our own Code of Criminal Procedure, as follows:

"If, from the evidence on the trial, there is reason to believe the defendant guilty, and a new information can be framed upon which he may be convicted, the court may order him to be recommitted to the officer of the proper district, or admitted to bail anew, to answer the new information. If the evidence shows him guilty of another offense, he must be committed or held thereon, and in neither case shall the verdict be a bar to another prosecution. But if no evidence appears sufficient to charge him with any offense, he must, if in custody, be discharged; or if admitted to bail, the bail is exonerated; or if money has been deposited instead of bail, it must be refunded to the defendant; and the arrest of judgment shall operate as an acquittal of the charge upon which the information was founded."

The court there held that there was sufficient evidence

and there is no contention or showing that the evidence in the instant case was insufficient. Section 307 provides as follows:

"The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the information was filed."

See also *People* v. *Han Tong,* 102 Pac. 263; 24 L. R. A. (N. S.) 481. Some doubt is thrown upon the matter by a citation from 16 C. J., Criminal Law, §428, as follows:

"It is an established principle of law that a defendant in a criminal case who procures a verdict and judgment against him to be set aside by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted. But it is only where accused has brought about the destruction of the first verdict that he can be tried again for the same offense; and where the court on its own motion sets aside a valid verdict, rendered by a jury regularly obtained and impaneled, upon a sufficient indictment, defendant will be protected from a subsequent prosecution for the same offense. Where a conviction is had under a valid indictment, but the court, under the erroneous belief that it is not good, on defendant's motion, arrests judgment, defendant cannot be prosecuted anew in a State where the judgment of arrest may be reversed on the motion of the prosecutor, because defendant is still in jeopardy under the first indictment, which is liable to be revived by the reversal of the judgment of arrest. But in those jurisdictions where the prosecutor cannot obtain a reversal of the judgment of arrest, defendant may be indicted and tried anew, although the first indictment was good."

The text apparently says that in states where the Government may not appeal from orders on motions in arrest of judgment there is no jeopardy if a defendant is indicted a second time, citing California. California, however, like ourselves, allows an appeal from orders on motions in arrest of judgment. There seems to be some technical difference in a situation produced where a case is ordered back for a new trial or where the Government suffers a motion in arrest to stand and begins anew. All of the cases insisting on the second jeopardy where there has been no judgment of con-

viction depend principally on the fact that there has been a verdict before judgment against the defendant. Here in this case all the facts of the trial and the power to decide were in the hands of the judge himself, but before he even attempted to put any stigma upon the defendant the latter arose and insisted that there was no public offense. Where there is no public offense charged there is generally no jeopardy.

The case in 38 Cal. was of a period before the existing Code of Criminal Procedure of California was in force. There was a complete trial and an appeal by reason of a general provision allowing such right to the Government.

As some of the cases point out, the decisions are hopelessly conflicting and the best rule, as in many other matters of conflict, is either to hew a course for ourselves or to let the facts of individual cases determine the decision. We think it was plainly the intention of the legislator that the Government should have an appeal where no stain or stigma has been put upon the defendant by the fact of the trial, and where he himself asked for the nullification of all the acts that went before, we think that the same estoppel exists as when an appeal is taken by him from a judgment. The reason in a case like the present one is even stronger, because no judge or jury has ever passed upon the guilt or innocence of the defendant.

In the view of the case that we have taken it is not very important that a plea of second jeopardy has not been made. Properly, such a plea could only be presented when the case was again in a trial court. It is generally in the power of a defendant to waive the question of second jeopardy. With these considerations in mind it would perhaps be advisable, if counsel wish to reserve their rights, to raise the question in the court below.

The information partially imputing improper relations between the Commissioner of Education and some of his teachers, partially charging him with attempts to enforce

such improper relations and partially intimating that his appointments were based upon such improper relations, was libelous *per se.*

The order of filing or dismissal must be reversed and the case sent back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.