PALMER *v*. MILLER.

[No. 2,394.    Filed March 29, 1898.]

WORK AND LABOR.—*Implied Promise to Pay For.—When an Attorney May Bind Client in Employment Of.*—A court reporter may recover for services rendered defendant in furnishing him copies of evidence during a trial in which he was acting as court reporter where such copies were furnished at the request of defendant's attorney, and used in the conduct of such trial with the knowledge of defendant, although there was no express promise to pay for such services. *pp. 624-626.*

COMPLAINT. — *Variance.* — Recovery may be had on proof of an implied promise to pay, although the complaint avers an express promise. *p. 626.*

From the Boone Circuit Court. *Reversed.*

*Palmer & Palmer* and *C. M. Zion,* for appellant.

*P. H. Dutch,* for appellee.

ROBINSON, C. J.—Appellant sued appellee for services rendered in transcribing and furnishing copies of evidence used by the attorney of appellee in a certain suit in which appellee was plaintiff.    Appellee, in the case at bar, was given judgment for costs.

The undisputed evidence, so far as material, shows that appellee had employed an attorney to conduct a suit in his behalf against a railroad company.    Appellant, a court reporter, furnished longhand copies of the evidence to the attorney at the attorney's request, which were used during the trial in the examination of witnesses, framing hypothetical questions, preparing the special verdict, and in the final argument of the case.    The trial continued about seventeen days, and appellee was present in court all that time except one-half day.    The evidence was transcribed by appellant during the adjournments of court, and at nights, and was furnished and used from day to day during the trial.

Appellee testified that he did not know the copies

were being furnished at his expense.    But he does not deny that he was present when the copies were furnished from time to time, and saw them used by his attorneys in the conduct of his case throughout the trial.

It is not claimed that the furnishing of such copies was unusual or unreasonable in the proper management and conduct of such a case.    Upon the undisputed facts it appears that the copies were used in appellee's presence, and for his benefit, and under such circumstances it must be held it was done with his knowledge and consent.    From such a state of facts the law implies a promise upon his part to pay for such copies what they are reasonably worth.

There are no circumstances to show that the services were intended by appellant or expected by appellee to be gratuitous, but they were such as persons ordinarily expect to be paid for.    The copies were furnished and used from day to day for a number of days with appellee's knowledge, and under such circumstances we think the maxim *Qui tacet consentire videtur* applies; that in view of the facts appellee was fairly called upon either to deny or admit his liability. Thus it has been said, "But if silence may be interpreted as assent where a proposition is made to one which he is bound to deny or admit, so also it may be if he is silent in the face of facts which fairly call upon him to speak."    *Day* v. *Caton*, 119 Mass. 513.

In some jurisdictions it has been held that an attorney having general control of a cause has authority to bind his client for the value of copies of evidence furnished by a stenographer, and used in the conduct and management of the cause.    *Thornton* v. *Tuttle*, 22 Abb. N. C. 308; *Harry* v. *Hilton*, 64 How. Prac. 199; Weeks on Attorneys (2d ed.), p. 449.    See *Bonynge* v.

*Field*, 81 N. Y. 159; *Eggleston* v. *Boardman*, 37 Mich. 14; *Board, etc.*, v. *Younger*, 29 Cal. 147, 87 Am. Dec. 166, note. See, also, *Hogate* v. *Edwards*, 65 Ind. 372.

But without approving or disapproving the general rule thus laid down, we must hold in the case at bar that, under all the facts and circumstances of the case, the appellee knowing from day to day that the services were being performed, and accepting from day to day the benefits of such services, the law implies a promise on his part to pay what such services are reasonably worth.

The complaint avers an express promise on appellee's part to pay for the services, but it has been held that a recovery may be had upon proof of an implied promise although the complaint avers an express one. *Pence* v. *Beckman*, 11 Ind. App. 263.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.