[No. 8782. Department One. July 7, 1910.]

MARTIN HOLM, *Appellant*, v. CHICAGO, MILWAUKEE AND PUGET SOUND RAILWAY COMPANY *et al., Respondents.*[1]

PLEADING — COMPLAINT—ALTERNATIVE ALLEGATIONS— CONTRACTS— VARIANCE. In an action for railroad construction work done, the plaintiff may plead in the alternative an express contract or an implied contract for the reasonable value, without being subject to an election; and proof of *quantum meruit* would not be a variance.

CONTRACTS—CONSTRUCTION—ESTOPPEL. A subcontractor for railroad construction work is not bound by the engineer's fixing a price for the removal of cement gravel, when it was encountered, the contract not having fixed the same, and is not estopped to recover the reasonable value by continuing work after receiving notice of the engineer's decision, he never having agreed to the same.

[1]Reported in 109 Pac. 799.

RAILROADS—CONTRACTOR'S LIEN—WAIVER.    A subcontractor on railroad construction work does not waive his right to claim a lien by stipulating, in a contract headed "Pay for labor and material," that he will pay for all material and labor furnished by him, and save the principal contractors and the railroad company harmless from any loss for work or labor performed or liens arising from or growing out of any act done or suffered by him or his agents or servants; since no waiver of his own lien appears in clear, certain and unequivocal language.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered July 15, 1909, in favor of the defendants, dismissing an action on contract and for the foreclosure of a mechanics' lien, after a trial before the court without a jury. Reversed.

*Hovey & Hale* (*John H. McDaniels,* of counsel), for appellant.

*H. H. Field, Geo. W. Korte,* and *E. E. Wager,* for respondents.

Gose, J.—The respondents Jacobson and Lindstrom, having a contract with their co-respondent for the construction of a portion of its roadbed in Kittitas county, entered into a contract with the appellant, whereby he agreed to do the construction work for the roadbed to the extent of about 3,600 feet. Failing to reach an agreement with them as to the amount due him upon the completion of the contract, the appellant brought this action to recover an alleged balance, and to establish and foreclose a lien against the right of way of the respondent railway company to satisfy the same. This appeal is prosecuted from a judgment of dismissal.

The printed contract between the appellant and the respondents Jacobson and Lindstrom fixed the prices for all material removed in the construction work, except cement gravel. There are three principal points presented for determination: (1) A question of pleading. (2) The appellant contends that he is entitled to be paid seventy-seven cents per cubic yard for cement gravel, whilst the respondents

insist that he is only entitled to fifty cents.    (3) The appellant asserts a right to a lien upon the right of way of the railway company, whilst it insists that the right was waived either expressly or by necessary implication.

A proper understanding of the case requires a brief reference to the pleadings.    After pleading the formal matters setting out the contract *in haec verba* and alleging performance, it is alleged, that the respondents Jacobson and Lindstrom agreed with the appellant to classify and pay for cement gravel as solid rock at the rate of seventy-seven cents per cubic yard; that the railway company agreed to pay the respondents the reasonable value of all cement gravel which he removed, and that "the reasonable worth and value of excavating the material known as cement gravel was and is the sum of seventy-seven cents per cubic yard."    The averments as to the reasonable value and the agreement to pay seventy-seven cents per cubic yard were put in issue by the respondents, answering separately.    The respondents Jacobson and Lindstrom alleged affirmatively that, in the course of the work, cement gravel was encountered; that this was not specifically mentioned in the contract, but that before it was removed it was agreed between the appellant and themselves that they would pay him fifty cents per cubic yard for its removal.    It is conceded that the contract does not fix the price for the removal of the cement gravel.

The respondents first contend that, under the pleadings, it was not competent for the appellant to prove the reasonable value of removing cement gravel, but that he should have been limited to proof of the contract price; that the evidence admitted over their objection should not be considered, and that it constitutes a fatal variance.    As we have seen, the appellant predicates his right to recovery both upon an express contract and upon a *quantum meruit*.    A party may present his case in the alternative.    The wisdom of the rule is apparent.    In many cases a reasonable doubt may exist in the mind of the pleader whether there was an express contract

and, if so, whether his evidence is sufficient to establish it. In such cases a prudent pleader will so frame his pleading as to admit proof and to permit a recovery upon either ground. *Globe Light & Heat Co. v. Doud*, 47 Mo. App. 439; *Moore v. Gaus & Sons Mfg. Co.*, 113 Mo. 98, 20 S. W. 975; *Beers v. Kuehn*, 84 Wis. 33, 54 N. W. 109; *Palmer v. Miller*, 19 Ind. App. 624, 49 N. E. 975; 9 Cyc. 749; Rem. & Bal. Code, §§ 299-301.

In *Beers v. Kuehn*, it was said:

"In the present case the complaint blends a cause of action upon express contract for the agreed price with a cause of action upon implied contract for the reasonable value of the work. The allegations are entirely sufficient to make a good complaint. . . ."

"Under the code system of pleading the plaintiff may sometimes allege the same cause of action in two counts, one on the special contract and the other on a *quantum meruit*, so as to meet any possible state of the proof, and where this is permitted the plaintiff cannot be compelled to elect on which he will go to the jury." 9 Cyc. 749.

The respondents during the trial moved to require the appellant to separate his causes of action, and to elect upon which cause he would rely. There was no error in denying this motion. There was but one cause of action against Jacobson and Lindstrom, consisting of the contract, its performance by the appellant, and its breach by the respondents.

The second question presented is the reasonable value of removing the cement gravel. Respondents contend that, when this element was encountered, the chief engineer of the railway company fixed the price for its removal at fifty cents per cubic yard; that this was communicated to the appellant; that he continued the work for about fifteen months and until the completion of his contract, and that he is estopped to claim a greater sum. The vice of this view is readily demonstrable. The appellant had contracted to excavate the right of way for a certain distance, but no price was agreed upon for this material. The law therefore fixed the price at its

reasonable value. The appellant had the right, and it was his duty, to complete the contract, and neither the respondent nor their officers could arbitrarily fix the value of the work.

The evidence makes it clear that the appellant never agreed to accept a fifty-cent rate, but, on the contrary, he always asserted that it was worth seventy-seven cents, the same price as solid rock. We think the evidence shows that it was reasonably worth seventy-seven cents per cubic yard to remove this material. It is true that there is a conflict in the evidence, more seeming, however, than real. The evidence shows that other subcontractors settled on a basis of fifty cents a yard. It shows, also, that they protested that the price was inadequate. Moreover, it appears that the appellant removed a much larger percentage of this material than the other subcontractors. Mr. Huson, an engineer and a railroad employee and contractor of wide experience, fixed its value at seventy-seven cents, and the evidence shows that both the division and the district engineers were endeavoring to get the railway company to fix a better price than fifty cents per cubic yard. The classification was, by the terms of the contract, submitted to the chief engineer of the railway company. However, he could not and did not give the material an arbitrary classification. The duty was upon him to honestly and reasonably classify the material that was removed. The engineers first classified this material as hardpan, the price of which was fixed in the contract; but, realizing that this was arbitrary and unfair, they changed the classification to cement gravel.

The contract between the appellant and Jacobson and Lindstrom provides:

"The subcontractor agrees to pay in full for all material by him furnished and for the labor by him employed upon the work or any part thereof, and to so contract for labor as to retain from the money due therefor the amount of the board bills, if any, contracted during the performance of such labor, and to pay such board bills with the money so retained, and to save the first party and the railway com-

pany free and harmless from any loss for work or labor performed or material or supplies furnished in the performance of the work under this agreement, and from every claim, demand, or lien arising from, or growing out of, any act or thing done or suffered by him, or his agents, servants, or subcontractors, and his or their employees in, about, or connected with the construction of the work aforesaid."

In the margin to this clause, printed in bold-faced type, are the words "Pay for labor and material." The railway company did not take a bond from Jacobson and Lindstrom, the principal contractors, and the appellant is claiming a lien under the provisions of Rem. & Bal. Code, § 1129 *et seq.* The railway company contends that the clause quoted operates as a waiver of the lien. We cannot assent to this view. The marginal note, "Pay for labor and material," was inserted either as the contractor's interpretation of the clause, or for the purpose of misleading the appellant. Under either view the language cannot be construed as a waiver of the lien. The entire clause preceding the words "every claim, demand, or lien," clearly refers to persons who might claim a lien under the appellant. He agreed that no lien should result from his failure to pay any labor employed or supplies furnished by him. We are not concerned with discovering the proper technical construction of the clause as a whole. It is true the appellant could waive his right to a lien. If it was desired that he should do so, the language employed should have been clear, certain, and unequivocal. The waiver could have been expressed in a few words so clear in meaning that no one could have misunderstood them. In *Davis v. La Crosse Hospital Association*, 121 Wis. 579, 99 N. W. 351, it was held that a stipulation for the delivery of the building "free from all claims, liens, and charges," called for the delivery of the building free from any lien, or claim for a lien, through or under the builder, but did not refer to, or waive, the builder's lien; and that all doubt should be resolved against the waiver, as the presumption is that the builder is not waiving a privilege of such great value. In *Nice v. Walker*, 153 Pa. St.

123, 25 Atl. 1065, 34 Am. St. 688, in reviewing and criticizing the earlier cases in that court, it was said:

"It [the waiver] should be so plain that every mechanic and materialman, though of limited education, can understand it at a glance, and not be compelled to submit its interpretation to a lawyer, with the risk of a decision against him in the court of last resort."

This case was cited with approval in *Concord Apartment House Co. v. O'Brien*, 128 Ill. App. 437. The respondents Jacobson and Lindstrom admit in their answer that the appellant removed 89,133 cubic yards of cement gravel. He is entitled to recover at the rate of seventy-seven cents per cubic yard, and has been paid at the rate of fifty cents. The balance is due him.

The judgment is reversed, with directions to enter a judgment for the balance, with legal interest from the date of the commencement of the action, for a reasonable attorney's fee, and costs, and to enter a decree foreclosing the lien for the same.

RUDKIN, C. J., FULLERTON, PARKER, and MORRIS, JJ., concur.