[No. 8957. Department One. November 23, 1910.]

PACIFIC LUMBER AND TIMBER COMPANY, *Appellant*, v. E. J.
DAILEY *et al.*, *Respondents.*[1]

MECHANICS' LIENS—TIME OF FILING—EVIDENCE—SUFFICIENCY. In
an action to foreclose a mechanics' lien, a finding that lumber was
not delivered until after the 17th is not warranted by the evidence,
where the teamster's receipt was dated that day, and there was evidence that it was made out on the day of delivery and was signed by
the contractor; and such written receipt is not overcome by oral
evidence of the contractor, sixteen months later, that he was of the
impression that the lumber was all laid before that day, supported
by his foreman to the same effect, who quit work on the 18th, their
testimony resting on memory.

APPEAL—REVIEW—FINDINGS. On appeal in an equity case, the
supreme court is not bound by the findings of the lower court, especially where written evidence conflicts with oral testimony resting
on memory, as there is a trial *de novo* on appeal.

MECHANICS' LIENS—WAIVER—BURDEN OF PROOF. The burden of
showing a waiver of a mechanics' lien, by clear, certain and unequivocal evidence, is upon the party asserting it.

MECHANICS' LIENS—WAIVER—EVIDENCE—SUFFICIENCY. A waiver
of a mechanics' lien, conditional upon giving a mortgage subject
only to a mortgage of $1,200, cannot be enforced where either the
minds of the parties did not meet, or the property was subject to
three mortgages aggregating more than that sum, and no tender of
performance was made.

Appeal from a judgment of the superior court for King
county, Main, J., entered March 4, 1910, in favor of the defendants, after a hearing on the merits before the court without a jury, in an action to foreclose a materialman's lien.
Reversed.

*Douglas, Lane & Douglas*, for appellant.

*Fred H. Peterson* and *Philip D. Macbride*, for respondents.

GOSE, J.—The plaintiff furnished certain building material
to the defendant Dailey, who as a contractor was building a
residence for the defendants Gaunce upon lot 4, block 25, in

[1]Reported in 111 Pac. 869.

Denny-Fuhrman addition to the city of Seattle.   The contractor having defaulted in payment, the plaintiff, on January 4, 1909, filed with the county auditor of King county a notice that it claimed a lien upon the property above described.   This action was brought for the purpose of foreclosing the lien, and to secure a personal judgment against the contractor.   After a hearing upon the merits, the court denied the lien, dismissed the action as to the defendants Gaunce, and entered a judgment against the defendant Dailey. Plaintiff has appealed.

The respondents Gaunce make two contentions: (1) That the lien was not filed for record within ninety days after the last material was delivered, and (2) that the right to assert a lien was waived by an agreement made between all the parties in interest subsequent to the last delivery of material.   We will consider these contentions in the order stated.

The pivotal question is whether an item of one hundred feet of flooring was delivered on or prior to October 17, 1908. If delivered prior to that date, the notice of lien was not filed within ninety days after the last delivery, and the right to assert a lien must be denied.   If delivered on or after that date, the lien is enforcible.   We think that the preponderance of evidence clearly establishes the delivery of this material on October 17.   The appellant, to sustain the burden it assumed under the issue, offered in evidence the following receipted bill:

Pacific Lumber & Timber Co.,<br>3718 12th Avenue, N. E.

```
6186                          Seattle, Wash., Oct. 17, 1908.
Sold to                  E. J. Dailey
Delivered at                Cor. Broadway & Shelby.
        100 ft. 1⅜x2⅝ Flg. No. 1 12'
                      E J D
Tallyman              Williams
Driver                        teamster
Received the above
```

The respondent Dailey testified that the flooring was used in the porch to the house; that the letters "E J D" were

signed by him, and signify that he received the lumber at the house. He further says that it is his impression that the porch had been completed before the date in question. His foreman testified that he quit work on the house on October 18, as shown by his time book, and that the flooring was all laid before the 17th. The case was tried on February 16, 1910, sixteen months after the delivery of the item in dispute.

We do not think the oral testimony, depending of necessity largely upon the memory of the contractor and his foreman, can be permitted to overcome the strong presumption arising from the teamster's receipt. The witnesses are supported by no written memorandum other than the one made by the foreman, showing only the last day he worked on the house. In support of the correctness of the date shown in the teamster's receipt, the appellant's shipping superintendent testified that it is the custom to bill material in triplicate, the original and one copy being given to the teamster, and the other copy retained; that the bills are dated on the day the material is delivered, except that material loaded late in the day is delivered the next day, and that the teamster returns the receipted bills and they are checked the following day. The receipt is fair upon its face, the signature of the contractor is admitted, and the appellant would have had no motive in post-dating the bill. At the time of the delivery of this item it had ample time for the filing of the notice of lien. We think the receipt speaks the truth, and that it, with the explanation of the appellant's delivery clerk, must be held to meet the burden which the law throws upon the party having the affirmative. The material having been delivered "to be used in the construction" of the house, and the lien having been filed within the time limited by law, the lien is enforcible, unless it has been waived. Rem. & Bal. Code, § 1129.

But the respondents say: "Clearly this is a case of conflicting testimony, where the decision of the trial court is final." If this statement were true, appeals in equity cases would be useless. Such cases are tried here *de novo*. While

it is true that this court will give due and proper weight to the findings of the trial court upon questions of fact, it is likewise true that it has an independent duty devolved upon it by law to review and weigh the evidence. If the judgment in this case depended upon oral testimony alone, we would be loath to disturb the conclusion of the trial court. But viewing the written evidence as we do, we are persuaded that the learned trial court was in error in its conclusion that the delivery of the last item of material was prior to October 17. The contractor admits the delivery and use of the material. The issue is the date of the delivery of the material evidenced by the receipt which we have set forth.

The next inquiry is, did the appellant agree to waive the lien. The evidence showing an agreement to waive a lien must be clear, certain, and unequivocal. The burden of showing this fact is upon the party asserting it. *Holm v. Chicago, Milwaukee, and Puget Sound R. Co.*, 59 Wash. 293, 109 Pac. 799. Briefly stated, the contention of the respondents Gaunce is, that they had an indemnity mortgage for $1,500 upon the property of their co-respondent, subject to a prior mortgage of $1,200, and that the appellant agreed that, if they would pay other claims which Dailey had contracted in building the house, and release their indemnity mortgage, the appellant would take a deed to Dailey's property as security for its claim and waive its lien against the Gaunce property. They assert that they paid the other claims, and that they stand ready to deliver the release of their mortgage. They have not tendered their release, nor has Dailey tendered the appellant a deed or other security. Upon investigation, the appellant found that Dailey had three mortgages on his property besides the indemnity mortgage; one for $800, one for $400, and a third for $461. The appellant asserts that it agreed to waive the lien only upon condition that the respondents Gaunce should procure Dailey to execute to it a security deed, subject only to one mortgage for $1,200. A careful reading of the testimony convinces

us that one of two views must obtain; (1) that the minds of the parties did not meet upon all the substantials of the contract, or (2) that the respondents failed to carry out the contract as agreed upon. Under either view, the right to assert the lien was not waived.

We think the learned trial judge was in error in denying the lien. The judgment is therefore reversed as to the respondents Gaunce, with directions to enter a decree establishing and foreclosing the lien for the amount of the judgment entered against Dailey, and for a reasonable attorney's fee to be fixed by the court.

Rudkin, C. J., Fullerton, Mount, and Parker, JJ., concur.