[No. 9513. Department One. June 23, 1911.]

SEATTLE LUMBER COMPANY, *Plaintiff*, v. FRED G. CUTLER et al., *Appellants*, L. A. BORDE, *Respondent*.[1]

MECHANICS' LIENS—RELEASE—CONSIDERATION—EFFECT. A release given by a lien claimant without consideration to enable the owners to transfer property is void as between the parties.

MECHANICS' LIENS — ENFORCEMENT — RELEASE — ESTOPPEL. The giving of a release from all liability for labor performed or materials furnished, for the expressed purpose of enabling the owner to transfer property which was subject to a mechanics' lien, does not estop the lien claimant from asserting the lien against the purchasers of the property, where the purchasers did not rely upon or know of the release and the same was given without consideration.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 4, 1910, in favor of the cross-complainant, establishing and foreclosing a mechanics' lien, after a trial before the court. Affirmed.

*Alexander & Bundy (Milo A. Root, of counsel), for appellants.*

*Herchmer Johnston (E. N. Sears, of counsel), for respondent.*

PARKER, J.—This action was originally commenced to foreclose a number of mechanics' liens against an apartment house in Seattle, now owned by Fred G. Cutler and wife. The only claim of lien here involved is that of L. A. Borde, who furnished the heating plant and plumbing for the building. This controversy arises upon the cross-complaint of Borde, setting up his claim of lien and asking foreclosure thereof, and the answer thereto of Cutler and wife, the present owners of the property. A trial resulted in a decree establishing and foreclosing this lien, among others. Cutler and wife have appealed from so much of the decree as establishes and forecloses Borde's lien.

[1]Reported in 116 Pac. 1.

Prior to November 20th, 1909, the legal title to the property sought to be charged with this lien was in C. J. Sullivan and wife, one H. W. Fisher having some equitable title therein. In pursuance of a contract entered into in May, 1909, with Sullivan and Fisher, respondent Borde furnished and installed the heating plant and plumbing in the building, which was completed before November 20, 1909. Prior to that date, appellant Fred G. Cutler had negotiations with Fisher, resulting in an agreement for the purchase of the property from Sullivan and Fisher. When it came to the consummation of this purchase, some question arose as to the existence of the lien of respondent against the property by reason of his furnishing the heating plant and plumbing in the construction of the building. Appellants became satisfied, from information then furnished by Fisher in the form of a purported receipt in full from respondent, and also from a telephone communication which he claims he then had with respondent, that respondent's claim was fully satisfied, and on November 20th completed the purchase of the property and received the deed therefor. The evidence, we think, clearly shows that there was actually due to respondent at this time upon this contract for the heating plant and plumbing the sum of $3,041.05. The decree was rendered in his favor for that sum with interest.

The principal contention of counsel for appellants is that respondent is estopped from setting up his claim of lien against them, because of his placing in Fisher's hands the receipt acknowledging full payment of his claim, and also acknowledging the genuineness of such receipt in the telephone communication with appellant just before the purchase of the property by appellants, knowing that they were about to purchase it. This contention involves only questions of fact touching the genuineness of the purported receipt produced by Fisher, and the occurring of the telephone conversation between Cutler and respondent. The trial judge did not make formal findings of fact, but it is clear from his

remarks at the conclusion of the trial that he believed the receipt to be a forgery, and that if such a telephone conversation occurred as testified to by Cutler, it was not with respondent, though Cutler may have thought he was then talking to respondent over the telephone. It was evidently upon this theory that the decree was rendered in respondent's favor. A careful reading of all of the evidence convinces us that the trial court was fully warranted in taking this view of the purported receipt and telephone conversation. We will not attempt to review the evidence in detail touching these matters, since we see no useful purpose to be served thereby. It, of course, follows that respondent was in no way bound by the purported receipt and telephone conversation, and therefore his lien was not affected thereby.

It is further contended by counsel for appellants that respondent cannot maintain his lien by this action, because of a certain written release executed to Sullivan and wife by him, which, after referring to his contract and describing the property, recites:

"Whereas, the said Celestine J. Sullivan and wife are about to sell and transfer the said property, and for that purpose desire a release from the undersigned of all liability and obligations upon said contract;

"Now, Therefore, the undersigned, L. A. Borde does hereby in consideration of the premises release and forever discharge the said Celestine J. Sullivan and his wife, Evelyn Sullivan, from any and all liability and obligation of every kind whatsoever on account of said contract, and on account of any labor performed or materials furnished on account of said building by the undersigned.

"Dated this 20th day of November, 1909.

"L. A. Borde."

It is quite clear from the evidence that this paper was executed without any consideration whatever passing from Sullivan and wife to Borde. Hence, as between him and the Sullivans, we are unable to see that it has any validity. Assuming that this paper was executed to enable the Sullivans,

who had the legal title to the property, to show their purchaser that the lien of respondent had been satisfied, we are then met with the fact the paper was never used for that purpose; for it was beyond question that neither Cutler nor his wife ever heard of this paper until about the time of the trial of this cause, long after they had purchased the property. They were, of course, in no way influenced by it at the time of the purchase. Hence, it did not work an estoppel in their favor as against respondent's right to his lien. *Washburn v. Kahler*, 97 Cal. 58, 31 Pac. 741.

Counsel for appellants argue that this paper is, in effect, a release of personal liability of Sullivan and wife, and hence, releases the lien. We have noticed that it, being without consideration, did not result in releasing Sullivan and wife of their obligation to respondent, and we think its terms are not sufficiently clear in evidencing an intent to release the lien as to make it effective in that regard, aside from the want of consideration. 27 Cyc. 262; *Holm v. Chicago, Milwaukee & P. S. R. Co.*, 59 Wash. 293, 109 Pac. 799; *Pacific Lumber & Timber Co. v. Dailey*, 60 Wash. 566, 111 Pac. 869.

We are of the opinion that the trial court correctly determined the rights of the parties. The judgment is affirmed.

DUNBAR, C. J., GOSE, MOUNT, and FULLERTON, JJ., concur.