KERTSCHER & COMPANY, Respondent, *v.* SAMUEL GREEN et al., Appellants, Impleaded with Others.

Building contract — mechanic's lien — provision in building contract that contractor will not permit or suffer a lien to be filed does not preclude him from filing a lien for his own work and materials.

A provision in a building contract that the contractor will not at any time suffer or permit any lien, by any person or persons, whomsoever, to be put or remain on the building or premises for any work done or materials furnished under the contract, does not preclude such contractor from, himself, filing a lien for an amount due to him under the contract, where the owners failed to pay such amount after it became due. Furthermore the breach of the contract by the owners, by their default to make such payment, relieved the contractor from the obligation upon its part, and it became entitled to file a lien for its work and materials.

*Kertscher & Co.* v. *Green*, 143 App. Div. 907, affirmed.

(Argued May 22, 1912; decided June 4, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1911, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick E. Anderson* for appellants. The plaintiff by the terms of its contract expressly covenanted that it would not file any lien against the premises for work or materials furnished under or by virtue of the contract, and consequently was not entitled either to a lien or a judgment in an action brought to foreclose a lien. (*Mowbrey* v. *Levy*, 85 App. Div. 68; *D. S. P. Co.* v. *Clark*, 87 App. Div. 459; *Thompson-Starrett Co.* v. *B. H. R. Co.*, 3 App. Div. 359; *Fife* v. *Eimer*, 45 N. Y. 104; *Tombs* v. *City of Rochester*, 18 Barb. 583; *Buell* v. *Trustees, etc.*, 3 N. Y. 197; *Matthews* v. *Young*, 16 Misc. Rep. 525; *Long* v. *Caffrey*, 93 Penn. St. 526; *Schied* v. *Rapp*, 121 Penn. St. 593; *Crowley* v. *People*, 83 N. Y. 471.)

*Frank M. Avery* and *Earl A. Darr* for respondent. The plaintiff did not waive its statutory right to file a mechanic's lien. (*Lauer* v. *Dunn*, 52 Hun, 191; 115 N. Y. 405; *Nice* v. *Walker*, 153 Penn. St. 123; *Schmid* v. *P. G. I. Co.*, 162 Penn. St. 211.)

CULLEN, Ch. J. The action was brought to foreclose a mechanic's lien to discharge which a bond had been given in compliance with the terms of the statute. The Special Term of the Supreme Court rendered judgment for the plaintiff, and that judgment has been unanimously affirmed by the Appellate Division. But one objection to the recovery is raised on this appeal. The plaintiff contracted to perform the carpenter's and cabinet work and furnish materials in the building to be erected for the defendant. By the written contract it was provided: "That the party of the second part will not at any time suffer or permit any lien, attachment or other incumbrance under any laws of this State or otherwise, by any person or persons whomsoever, to be put or remain on the building or premises, into or upon which any work is done or materials are furnished under this contract, for such

work or materials, or by reason of any other claim or demand against the party of the second part, and that they will not put any materials on said building to which it has not obtained absolute title; and that any such lien, attachment or other incumbrance, or claim of a third party until it is removed, shall preclude any and all claim or demand for any payment whatever under or by virtue of this contract, and in the event that same is not removed, party of the first part may remove same at the expense, including legal fees, of the party of the second part." Payments were to be made on or before the 10th day of each month of 80% of the value of the work done in the preceding month. It was further provided that the final payment should not be made until there was filed with the superintendent or architect a certificate of the county clerk that, no mechanic's lien had been filed against the owner for work or materials furnished under the contract and the certificate of the register that no conditional bill of sale had been filed by a third party for any material furnished on said property. After the completion of the work on October 26th, 1907, the plaintiff filed a mechanic's lien for the amount due him under the contract, to foreclose which this action was brought. The contention of the appellants is that the lien was invalid because by the contract the plaintiff, the contractor, had agreed not to file any lien. To this contention there are two answers. The trial court found that the defendants had failed to make the payment for the September work which became due under the contract on October 10th. Assuming that the contract between the parties is to be construed as contended by the defendants, their breach of the contract by their default in making that payment relieved the plaintiff from the obligation upon its part, and it became entitled to file a lien for its work and materials. This proposition has recently been held by this court in the case of *Greenfield* v. *Brody* (204 N. Y. 659), decided without opinion. In that case the

contract was for the construction of several houses, and the contractors were to be paid in part by the conveyance to them of two of the houses. The owner transferred the property, thus putting it beyond his power to comply with the contract. It was held this authorized a contractor to file and maintain a lien. In that case the plaintiffs, contractors, had expressly agreed that under no circumstances would they file or cause to be filed any mechanic's lien against the property.

There is this further answer to the appellants' position. As we construe the provisions of the contract the paragraph quoted referred only to liens filed against the contractor by workingmen, sub-contractors or materialmen. This is apparent not only by the language "or by reason of any other claim or demand against the party of the second part," the word "other" showing that the claims antecedently mentioned were to be of the same character, that is to say, against the contractor, but by the further provision that the owner might remove any lien at the expense of the contractor, including legal fees, a provision quite inapplicable to a lien filed by the contractor itself. Moreover, to preclude a contractor by virtue of some provision to that effect in the contract, from his right to the security which the statute affords him, the intent and interpretation of the provision should be reasonably clear. There are many reasons why an owner might wish to be free from the claims of sub-contractors and materialmen against the principal contractor which might involve him in expensive litigation and the possibility of loss should a payment to the principal contractor be deemed to have been improperly made as against the lienors. Those reasons are without force to a lien filed by the principal contractor. True, there might be disputes between the contractor and the owner as to the amount due him, and these might involve the owner in litigation, but he would be subject to the same risks and expense of litigation in a suit at law on the contract

as in an action to foreclose the lien. That a provision in a contract, quite similar in principle to the one before us, applied only to the liens of third parties against the contractor, was held by the Supreme Court in *Lauer* v. *Dunn* (52 Hun, 191), which decision was affirmed in this court, though this proposition was not discussed in our opinion (115 N. Y. 405).

The judgment appealed from should be affirmed, with costs.

GRAY, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; VANN, J., absent.

Judgment affirmed.