Argued at Pendleton October 31; affirmed November 22;
rehearing denied December 20, 1938

## NELSON *v.* COHEN ET AL.

(84 P. (2d) 658)

*Robert E. Lees*, of Ontario, for appellants.
*W. H. Brooke*, of Ontario, for respondent.

BAILEY, J.   This suit was instituted by B. Nelson against Rosalie Haas Cohen and Caspert Cohen, her husband, to foreclose a mechanic's lien in the sum of

$500 on certain real property owned by the defendants at Ontario, Oregon. From a decree awarding plaintiff the sum of $368.65, together with interest thereon, costs and attorney's fee, against the defendant Rosalie Cohen, and ordering the lien foreclosed, the defendants have appealed.

Only two questions are here involved: (1) whether the plaintiff has waived his right to file a lien against the defendants' property; and (2) whether, if such right has not been waived, the defendants are entitled to a larger offset than the circuit court allowed them on their claim for damages because of defects in materials and workmanship in the construction of defendants' dwelling house.

On or about October 7, 1935, the plaintiff began construction of a dwelling house for the defendant Rosalie Cohen pursuant to an oral agreement between the parties. The contract price was $3,803. Later, about October 16, 1935, the attorney for Rosalie Cohen prepared a written agreement to be executed by both the plaintiff and Mrs. Cohen. One copy of the document was delivered by Mrs. Cohen to the plaintiff, who attached his signature thereto, but neither that copy nor any other was signed by Mrs. Cohen.

The only material difference between the written contract and the oral agreement under which construction of the house was commenced is the inclusion in the written instrument of a provision relative to the filing of liens against the property on which the dwelling was to be built. The interpretation which we place upon that provision, which is relied upon by the defendants as a waiver of plaintiff's right to file a lien, renders it unnecessary to pass upon the question of whether that document really became binding upon both the plaintiff and Mrs. Cohen and superseded their oral

agreement. The only provisions in that instrument germane to the question of waiver by plaintiff of his right to file a lien are the following:

"It is further understood and agreed between the parties hereto, that the contractor shall pay all labor claims, material claims, claims for supplies and fixtures, and any and all other claims that may arise by reason of the construction for said dwelling house . . . and shall pay the same promptly as they become due and shall neither allow nor permit any liens or encumbrances of any nature whatsoever to attach to said dwelling house.

"It is further understood and agreed by the parties hereto, that upon the full completion of the work herein provided for, and all in accordance with the plans and specifications herebefore mentioned, and upon the contractor furnishing to the said first party full and satisfactory proof, that all labor claims, damage claims, claims for material, supplies and fixtures, incurred in the construction of said dwelling house have been paid in full, they, the said first party, shall pay the said contractor the full sum of $3,803.00, less the advances made as follows: [Here are set forth the times and amounts of various payments to be made on the contract price.]"

■ In order to deny to contractors, materialmen and laborers the security which the statute affords them for payment for work performed or materials furnished, the intent and interpretation of the language relied upon to constitute a waiver of the right to claim a lien should be reasonably clear: *Kertscher & Co. v. Green,* 205 N. Y. 522 (99 N. E. 146, Ann. Cas. 1913E, 561); *Schmid v. Palm Garden Improvement Co.,* 162 Pa. 211 (29 Atl. 727); *Davis v. LaCrosse Hospital Association,* 121 Wis. 579 (99 N. W. 351, 1 Ann. Cas. 950); *Holm v. Chicago, M. & P. S. Ry. Co.,* 59 Wash. 293 (109 P. 799); *Pacific Lumber & Timber Co. v. Dailey,* 60 Wash. 566 (111 P. 869); Bloom, Law of Mechanics'

Liens, 1911 Supp., § 627; Phillips on Mechanics' Liens (3d Ed.), § 117.

By the terms of that part of the contract hereinbefore set out, the contractor does not expressly agree that he will not file a lien for the balance due him on his contract with the owner. He does agree that he will pay all labor claims, material claims, claims for supplies and fixtures and any and all other claims that may arise out of the construction of the aforesaid dwelling house. It is further provided therein that upon the contractor's furnishing to the owner "full and satisfactory proof that all labor claims, damage claims, claims for material, supplies and fixtures incurred in the construction of said dwelling house have been paid in full" the owner will pay him the full contract price less any advances which have been made. As was said in *Kertscher & Co. v. Green,* supra: "There are many reasons why an owner might wish to be free from the claims of sub-contractors and materialmen against the principal contractor which might involve him in expensive litigation and the possibility of loss should a payment to the principal contractor be deemed to have been improperly made as against the lienors. Those reasons are without force to a lien filed by the principal contractor."

The provision in the written contract to the effect that the contractor "shall neither allow nor permit any liens or encumbrances of any nature whatsoever to attach to said dwelling house" is immediately preceded by and connected with the provision of the contract which requires the contractor to pay all labor claims, material and other claims incurred by him in the construction of the house, and is followed by the provision for payment to him by the owner upon the contractor's furnishing proof that there are no such claims existing.

In *Davis v. LaCrosse Hospital Association*, supra, the court observed:

"The stipulation here was for the delivery of the building, 'free from all claims, liens and charges' on or before November 1, 1900, etc. * * * It would be absurd to provide that the contractor shall be paid the amount due him for constructing a building upon satisfactory proof being made that he has no lien; while a provision that payment will be made upon such proof being made as regards those claiming under him would be reasonable, and is the common form of agreement. Our construction of the language is that it called for delivery of the building free from any and all lien or claim for a lien through or under the builder."

The only authority cited by the appellant to the effect that the language of the written contract precluded the respondent from claiming a lien is *Gray v. Jones*, 47 Or. 40 (81 P. 813). The contract there involved provided that the contractor "agrees that he will not allow any laborer's, mechanic's, materialman's or any lien or liens to be filed against the said building and premises, or any part of either thereof, and, further, that the said building and premises and every part of either thereof shall be at all times free from any and all liens." In that instance this court held that the contractor had waived the right to claim a lien. The language of the contract there under consideration, however, is materially different from that of the contract in the instant case. It is clear and explicit as to the contractor's intent to waive his statutory right. That case is therefore not here controlling. The opinion therein was based largely upon early Pennsylvania decisions, which holdings have been explained and to some extent limited by *Nice v. Walker*, 153 Pa. 123 (25 Atl. 1065, 34 Am. St. Rep. 688), and *Schmid v. Palm Garden Improvement Co.*, supra.

■ Taking in its entirety the language of the contract above quoted, we are of the opinion that it is not susceptible of the construction placed upon it by the appellants. At least, it is not sufficiently clear and unambiguous to show actual intent on the part of Nelson to waive his right to claim a lien.

■ In their affirmative answer the defendants point out ten instances in which they claim that either the workmanship or the materials were defective. The circuit court allowed to the defendants as offset the sum of $131.35. The evidence introduced as to the character of materials and workmanship is in sharp conflict, and inasmuch as the trial judge heard the witnesses and observed their manner of testifying, we do not feel inclined, after a careful consideration of the entire record, to substitute our judgment for his as to the weight that should be given their testimony.

It is apparent from a reading of the testimony that Mrs. Cohen expected a much more elaborate house than could have been built for the contract price. The court found that in the construction of the said house the "plaintiff furnished reasonably good materials and reasonably good workmanship and completed said dwelling house in accordance with the terms of the said contract" between him and Mrs. Cohen in all respects except as to certain particulars, and for those instances in which the plaintiff failed to perform his contract the court allowed the defendants an offset, as above stated.

We conclude that the preponderance of the evidence supports the trial court's findings. The decree appealed from is therefore affirmed.

KELLY and ROSSMAN, JJ., not sitting.