Argued May 10, affirmed June 7, 1977

# HARDER MECHANICAL CONTRACTORS, INC., *Appellant,*

*v.*

# FAIRFIELD ERECTORS, INC. et al, *Respondents.*

## (TC 414047, SC 24641)

564 P2d 1356

Charles L. Kobin, Portland, argued the cause for appellant. With him on the briefs were Kobin & Meyer and David R. Trachtenberg, Portland.

William F. White, Portland, argued the cause for respondents. With him on the brief were White, Sutherland, Parks & Allen, Portland.

Before Denecke, Chief Justice, and Howell, Lent and Tompkins, Justices.

TOMPKINS, J., Pro Tempore.

**TOMPKINS, J.,** Pro Tempore.

This is a lien foreclosure suit.

Plaintiff is a mechanical contractor whose bid to defendant Fairfield for installing metal pellet-handling conveyors in a manufacturing plant at the Rivergate Industrial Park in Portland was accepted. There are two Fairfield Companies—Fairfield Engineering Company and Fairfield Erectors, Inc.—but we shall refer to them as the defendant Fairfield.

Defendant Fairfield's customer was defendant Midland-Ross Corporation, with whom Fairfield had an overall contract. Midland-Ross had the pellet manufacturing facility at Rivergate on property leased from defendant Gilmore Steel Corporation.

At the conclusion of the three-day trial, the judge concluded that the contentions of the parties were determined by a "Final Release" executed by the plaintiff shortly after the completion of the work. The trial judge's finding was in favor of the defendants, and the plaintiff has appealed.

The main issue in this case is the scope and effect of the document entitled "Final Release." The release reads:

### "FINAL RELEASE

"This release is executed in accordance with the provisions of Purchase Order No. 922 between the Owner, Fairfield Erectors, Inc., and the Contractor, Harder Mechanical Contractors, Inc.

"In consideration of payments made or to be made by Fairfield Erectors, Inc. for all work performed under Contract No. 40-22638, including all amendments and change orders, Harder Mechanical Contractors, Inc. does hereby unconditionally release Fairfield Erectors, Inc., its officers, agents, employees, heirs and assigns from any and all claims or liens whatsoever arising out of or during the performance of work under Contract No. 40-22638 and amendments.

"Harder Mechanical Contractors, Inc. further certifies that all labor, material and services furnished in connec-

tion with the performance of this contract and all state and federal payroll taxes and payroll insurance have been paid.

"Executed this 20th day of August, 1974.

"HARDER MECHANICAL CONTRACTORS, INC.

By___/s/ Donald E. Stilwell___
    Donald E. Stilwell
    Secretary-Treasurer

"Witness__/s/ Virginia Hanson_____
    Virginia Hanson"

The plaintiff contends the release was only for the purpose of obtaining payment of the basic contract amount in Purchase Order No. 922, and did not cover additional work for which this lien foreclosure is sought. The defendants' position is that the release was comprehensive and covered all claims between the parties. On appeal the plaintiff has abandoned a claim for the reformation of the release.

■ The scope and effect of the "Final Release" is to be determined from the language of the document, the sequence of events and the surrounding circumstances. *United States v. Ramstad Construction Co.,* 194 F Supp 379, 381 (D Alas 1961).

On March 8, 1974, the defendant Fairfield issued to the plaintiff Purchase Order No. 922, which was according to the bid received for $50,121 and contained the specifications and drawings for the work. It identified the overall contract Fairfield had with Midland-Ross as No. 40-22638.

Work started late and there were problems with the job. Much of the evidence the parties presented at trial attempted to assess blame for the problems and delays. We will not attempt to re-examine that issue.

During the course of the construction, extra work was approved by defendant Fairfield on red extra work authorization forms supplied and prepared by the plaintiff. If the defendant's representative did not indicate approval, the written requests for extra work

authorization were discarded "in the field" and not returned to the plaintiff's office.

On August 9, 1974, the job was completed and the plaintiff "invoiced" defendant Fairfield for "Metal Pellet Handling System, as agreed. $50,121.00."

On August 14, 1974, the plaintiff wrote defendant Fairfield about additional compensation and enclosed "backup sheets" showing $12,527.64 for "additional work authorized" and $18,906.42 for "additional claim of compensation" totaling $31,434.06. There were red sheets to support the $12,527.64 but none for the $18,906.42, which the plaintiff claims was due because of additional work made necessary by delays and changed working conditions.

On August 20, 1974, plaintiff's secretary-treasurer, Donald E. Stilwell, called defendant Fairfield. At trial, Stilwell testified as follows:

"Q All right. Now, can you tell me the content of that conversation?

"A Well, I asked about payment and was told that they'd have to have a release before they could make payment, and I asked them if they had a form of some kind that their company required and they indicated that they didn't. So I told them that we would prepare a release to them so that we could be reimbursed.

"Q All right. And you were talking in that conversation, I assume, about your invoice number 741573, which is Exhibit 4?

"A I was talking about fifty thousand dollars, which was the sum that I had receivable at that time.

"Q All right. Now, thereafter did you receive that money, and about when?

"A Yes, shortly thereafter, I think—let's see, I don't have my notes here, but it was September the 1st, approximately September 1st we received the check for that.

"THE COURT: Well, didn't you send them a release before then?

"THE WITNESS: Yes, I sent the release.

On August 30, 1974, the defendant paid $50,121 to the plaintiff.

On September 18, 1974, the plaintiff wrote defendant Fairfield:

"Attached is our Invoice No. 74-1813 for the sum of $12,527.64 covering the additional work authorized by your field representative (Mr. Fred Wheeler) on the installation of your conveyors on the above subject project.

"Reference is made to our letter dated August 14, 1974, with which we attached a copy of our estimate sheet for additional claim of compensation for the amount of $18,906.42. This attached claim is for work that was performed by our forces and was not included in the additional work authorized by your Mr. Fred Wheeler."

On September 20, 1974, the plaintiff filed a mechanic's lien for $31,439.06.

The dispute continued over the total amount due and on October 23, 1974, the defendant paid the plaintiff $12,527.64.

On March 19, 1975, plaintiff filed this suit to foreclose a mechanic's lien.

■ For the following reasons, we conclude, as did the trial court, that the Final Release is a complete release and a bar to plaintiff's suit for additional compensation:

(1) The language of the Final Release is comprehensive. It stated that it was in consideration of payments made or to be made for all work performed, and it released all claims or liens whatsoever arising out of or during the performance of work under Contract No. 40-22638 and amendments.

The plaintiff could not succeed on reformation and the plaintiff's agent, Donald E. Stilwell, did not claim he had made a mistake.

(2) At the time the release was given, the operative facts for additional compensation were present and

there was a dispute. All construction problems had occurred and the work was completed. The backup sheet for $18,906.42 labeled "Additional Claim for Compensation" had been submitted and the claim was never agreed to.[1]

(3) The purchase order provided that "a completed and signed Waiver of Lien must accompany all invoices." A final release is a higher order of document than the waiver of lien provided for in the purchase order. This would tend to show the document supplied was referable to the entire transaction rather than to a separate invoice.

The plaintiff was bound by the document it prepared and signed.

■ Finally, on the plaintiff's claim that there was no consideration for the final release, it is sufficient to say that the recited consideration of payments made or to be made is sufficient to meet the traditional test of benefit to promisor, detriment to promisee. In addition there was in existence a dispute over the amount due.

■ There shall be no award of attorney fees. ORS 87.060(4), cited by counsel for defendant, does not apply since this case was filed prior to the effective date of the law cited.

Affirmed; costs to defendant.

---

[1]We do not overlook the evidence that the defendant was willing to consider documents for the additional claim for compensation after August 20, 1974, and that the final release was not mentioned in the negotiations, but believe the other evidence has overriding force.