Argued and submitted April 14, reversed and remanded with
instructions September 29, 1982, reconsideration allowed; former opinion
adhered to (61 Or App 266, 656 P2d 394) January 12, reconsideration
denied March 4, petition for review denied April 6, 1983 (294 Or 682)

## PORTLAND ELECTRIC & PLUMBING CO.,
*Respondent - Cross-Appellant,*

*v.*

## SIMPSON,
*Appellant - Cross-Respondent,*

(No. 41-169, CA A21377)

651 P2d 172

James B. Richardson, Beaverton, argued the cause and filed the briefs for appellant - cross-respondent. With him on the briefs was Robin E. Pope, Beaverton.

David P. Weiner, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff, a supplier of plumbing and electrical materials, brought this action to foreclose a construction lien in the amount of $45,109.06. The trial judge found that a release plaintiff had executed was effective to release a portion of plaintiff's claim, and that, by not taking into consideration the release in computing the lien amount, plaintiff had committed negligence so gross as to create a presumption of fraud, thereby invalidating the lien. However, the trial judge, on an unstated legal theory, awarded plaintiff a judgment for the portion of its claim that the trial judge considered it had not released. Defendant Simpson (defendant) appeals, contending that the evidence did not support a judgment for plaintiff on a quasi-contract theory. Plaintiff cross-appeals, contending that the release was ineffective and that his lien should have been foreclosed in its full amount.[1]

Defendant, a general partner in a partnership that owned the property involved here, contracted with Patterson, who did business as Mt. Scott Electric,[2] to do the electrical work on a building. The total contract price was $180,000.[3] The contract provided:

> "All checks will be drawn jointly to the subcontractor with the supplier unless signed lien waivers are presented prior to each payment."

Defendant made progress payments in the form of checks issued jointly to plaintiff and Patterson. The back of each check contained the following language:

> "ALL PAYEES MUST SIGN THIS DISCHARGE

> "All Claims Interest and Demands of the Undersigned for Labor done, or Materials furnished Transportation Taxes and for Liens, Judgments, Mortgages or any account whatsoever.

---

[1] Because of our disposition of the case, we need not discuss defendant's contention.

[2] We use "Patterson" throughout to mean either Mt. Scott Electric or Patterson. Patterson was named as a defendant but defaulted. Another defendant, a mortgagee of the property, also did not appear. Defendant Simpson cross-claimed against Patterson for indemnification.

[3] After this suit was filed, defendant tendered into court a check that he claimed covered the remaining balance due on his contract with Patterson.

"against HOLLY TREE ASSO. LTD. 5355 MURRAY BLVD. S. W. BEAVERTON, OREGON 97005 or the Owner thereof, are Paid and Satisfied, Released and Discharged in Full.

"The Endorsement on this check is Full Execution of the foregoing release and shall be my sig. [sic] thereon."

The checks were usually issued on the 10th of the month[4] and were endorsed by agents of plaintiff and by Patterson. Patterson would then make out a check to plaintiff for its share of the proceeds. Plaintiff's share of each check was determined by calculating the amount due it from Patterson as of the 25th of the preceding month; this was also the date as of which Patterson determined the amount due from defendant as provided for in the contract between him and defendant. The share of the proceeds of each joint check that plaintiff received thus represented payment only for materials furnished through the 25th of the prior month.

The last joint check was issued and endorsed on March 10, 1980.[5] Although Patterson's request was only for payment due as of February 25, and plaintiff continued to deliver materials between the February 25 and March 10, the trial judge found that the release on the March 10 check operated to cut off plaintiff's right to claim payment from defendant for all materials delivered before March 10. He also found that plaintiff's failure to delete from his lien the sums due for materials delivered prior to that date but after February 25 overstated the lienable amount and invalidated the lien. He thus awarded plaintiff a judgment representing only the value of materials furnished after March 10, which he calculated to be $28,428.41.[6] We disagree with the trial judge about the effect of the release provision and reverse.

■ ■ The Supreme Court has stated,

---

[4] One check was issued on February 28, 1980. Although endorsed by both plaintiff and Patterson, plaintiff's records show that plaintiff did not receive any proceeds of this check.

[5] Two subsequent checks were issued payable only to Patterson.

[6] He also found that, pursuant to the contract between them, defendant was entitled to indemnification from Patterson.

"In order to deny to contractors, materialmen and laborers the security which the statute affords them for payment for work performed or materials furnished, the intent and interpretation of the language relied upon to constitute a waiver of the right to claim a lien should be reasonably clear." *Nelson v. Cohen,* 160 Or 336, 338, 84 P2d 658 (1938).

The scope and effect of a lien release

"is to be determined from the language of the document, the sequence of events and the surrounding circumstances." *Harding Mechanical Contract. v. Fairfield Erectors,* 278 Or 613, 616, 564 P2d 1356 (1977).

Here, the language of the lien release is broad and susceptible of an all-encompassing interpretation. However, given the circumstances of its execution, not as part of a single document referring to the entire construction contract[7] but as part of each progress payment, the more reasonable interpretation is that the discharge released plaintiff's lien rights only as to materials for which payment was made by a particular check. This is in accord with the statute that provides for waiver of lien rights:

"Upon payment and acceptance of the amount due to the supplier of materials or supplies, and upon demand of the person making payment, the supplier shall execute a waiver of all lien rights *as to materials or supplies for which payment has been made.*" (Emphasis added.) ORS 87.025(5).

■ ■ The statute does not limit all waivers only to the materials or supplies described, but a person making payment is entitled to a waiver of a lien only as to materials or supplies already paid for. It follows that, in order for a supplier to be held to have released his statutory lien for all materials or supplies delivered but as yet unpaid for, the language of the waiver must bring home to the supplier what he is releasing. The release involved here, considering the circumstances of its execution, failed to do so. Issuing checks made payable to both a contractor and a supplier is a device affording an owner some measure of protection

---

[7] Compare the lien release upheld in *Harding Mechanical Contract. v. Fairfield Erectors, supra.* The court there considered the "Final Release" a "higher order of document" than the lien waivers that the purchase order required accompany each invoice.

against double payment,[8] but the owner may not, through the expedient of inclusion of a waiver such as the one included here on the back of each check, obtain a waiver of anything more than a lien for materials paid for by the check without more explicit language. A waiver of lien rights for materials delivered up to the date of the check, a date within the exclusive control of the owner, is a result that surely was not within the contemplation of either party.

We hold that plaintiff is entitled to his lien in the full amount claimed, an amount uncontroverted by defendant below. We reverse and remand for entry of a decree foreclosing plaintiff's lien in the amount of $45,109.06 and for an award of attorney fees, to which plaintiff is now entitled under ORS 87.060(4).

---

[8] The notice of the right to lien that a supplier delivers to an owner now must include a suggestion that the owner protect himself in this way. ORS 87.023.